Francesco **MARINO**, Appellant,

v.

**STATE FARM FIRE AND CASUALTY INSURANCE CO.**, AID Consulting Engineers, Inc., Loy B. Taylor, and Pat H. Donley, Individually and d/b/a Forensic Associates, Appellees.

No. 2–88–154–CV.

Court of Appeals of Texas, Fort Worth.

July 12, 1989.

Rehearing Denied Aug. 10, 1989.

---

Ben D. Sudderth and Bonnie Sudderth, Forth Worth, for Francesco Marino.

Jenkens & Gilchrist, A Professional Corp., and David F. Hunt, Brian J. Hurst and Stephen E. Fox, Dallas, for AID Consulting Engineers, Inc. and Loy B. Taylor.

Robert J. Glasgow, Stephenville, for State Farm Fire & Cas. Ins. Co.

Phillip W. Gilbert, Dallas, for Pat H. Donley.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

Francesco Marino appeals from the judgment of the trial court that he take nothing in his suit against State Farm Fire and Casualty Insurance Co., AID Consulting Engineers, Inc., Loy B. Taylor, and Pat H. Donley, individually and doing business as Forensic Associates. In two points of error he contends that the trial court erred: in granting a summary judgment in favor of State Farm Fire and Casualty Insurance Co., since there is a genuine issue of material fact as to whether or not State Farm breached its duty of good faith and fair dealing which it owed to him; and in granting a summary judgment in favor of all the appellees since there is a genuine issue of material fact as to whether or not they entered into a civil conspiracy to defraud him of his right to recover under his insurance policy.

We affirm the summary judgment as to State Farm and the other appellees, except that we reverse the summary judgment of the appellees AID Consulting, Taylor, and Donley, individually and d/b/a Forensic Associates as to Marino's claim of civil conspiracy, since these other appellees failed to address Marino's claims of civil conspiracy in their motions for summary judgment. We remand Marino's claims of civil conspiracy as to those appellees only. We have affirmed State Farm's Motion for Summary Judgment because we find that Marino's claims as to State Farm are barred by the doctrine of res judicata.

Marino contends in point of error number one that the trial court erred in rendering summary judgment for State Farm because there is a genuine issue of material fact as to whether or not State Farm breached its duty of good faith and fair dealing with him as a policyholder.

State Farm's motion for summary judgment was in part based on the doctrine of res judicata. Marino had an action against State Farm prior to this one based on the loss caused by the burning of his house. In that lawsuit, in addition to claims made for the loss of the house, Marino alleged that State Farm was guilty of false, misleading, or deceptive acts or practices in its dealings with him; that State Farm was guilty of unconscionable action to his detriment by taking advantage of his lack of knowledge, ability, experience, or capacity, all of which resulted in a gross disparity between the value he received and the consideration he paid; and that State Farm engaged in several acts or practices in violation of the Insurance Code. Marino sought actual damages, punitive damages under the Deceptive Trade Practices Act, and attorney's fees. In response to special issues, the jury failed to find that Marino set the fire at his house and found the amount of damage to the house and contents caused by the fire. No questions were asked of the jury as to Marino's claims regarding State Farm's dealings with him. Marino recovered judgment for the loss plus attorney's fees, but recovered nothing on the claims concerning State Farm's handling of the claim.

 The doctrine of res judicata bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial. *Russell v. Moeling*, 526 S.W.2d 533, 536 (Tex.1975). Marino does not assert that he could not have brought the matters at issue here in the former trial, only that the doctrine of res judicata only bars the trial of issues actually litigated and determined in the first suit. He relies on the case of *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex. 1973). In an opinion written subsequent to

*Griffin,* the Supreme Court held that "The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Texas Water Rights Com'n v. Crow Iron Works,* 582 S.W.2d 768, 771–72 (Tex.1979). The cause of action for breach of duty of good faith and fair dealing which Marino now asserts grew out of the same subject matter as the claims which Marino brought in the first suit alleging various violations of the Texas Insurance Code and of the Deceptive Trade Practices Act. This cause of action could have been litigated in the first suit. We therefore find that Marino's claim against State Farm as to breach of duty of good faith and fair dealing is barred by the doctrine of res judicata.

Marino points out that the statute of limitations on a claim of the breach of duty of good faith and fair dealing does not begin to run until after the underlying insurance contract claims are finally resolved. *See Arnold v. Nat. County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 168 (Tex. 1987). *Arnold* does indicate that an insured may assert his contract claims in one suit and then assert his claim for breach of the duty of good faith and fair dealing in a subsequent suit. We assume that is because the two claims do not arise from the same subject matter. The contract claim arises from the contract and the loss alleged to be covered under the contract. The good faith and fair dealing claim arises from the manner in which the insurer deals with the insured in connection with the contract claim. The full extent of any breach of the duty of good faith and fair dealing may not be known until after the underlying claim is finally resolved. In this case, however, Marino sought to recover in the first suit for damages resulting from the improper handling of his claim. He does not claim that he could not have brought his claim for breach of the duty of good faith and fair dealing in the first suit, only that his failure to do so does not bar

his bringing it in the second suit. Since he brought in the first suit claims that arise out of the same subject matter, State Farm's actions in handling this claim, and since it appears that the claim of the breach of duty of good faith and fair dealing could have been litigated in that first suit, Marino's claim of breach of duty of good faith and fair dealing is barred by the doctrine of res judicata. In view of our determination of State Farm's res judicata defense, we need not determine the question of whether or not State Farm established as a matter of law that it did not violate its duty of good faith and fair dealing in its handling of Marino's claim. We overrule point of error number one.

■ Marino asserts in point of error number two that the trial court erred in rendering summary judgment for all appellees since there was a genuine issue of material fact as to whether or not the appellees entered into a civil conspiracy to defraud him of his right to recover under the insurance policy. In his amended petition, Marino brought allegations of libel against all appellees except State Farm, brought a good faith and fair dealing action against State Farm, and brought civil conspiracy allegations against all appellees. We believe our disposition of point of error number one is determinative of this point of error as it relates to State Farm, because the civil conspiracy claim is also one that grew out of the same subject matter as his original suit and is also one that with the use of diligence could have been brought in the former trial. Therefore, Marino's claim of civil conspiracy as to State Farm is also barred by the doctrine of res judicata. We overrule point of error number two as to State Farm.

■ None of the appellees, other than State Farm, addressed, in their motions for summary judgment, the issue of civil conspiracy raised by Marino in his pleadings. Marino, in response to the motion for summary judgment of appellees AID Consulting and Taylor, did not specifically refer to his claim for civil conspiracy and the appellees' failure to address it, only presenting what he called a special exception to mov-

ants seeking summary judgment on an issue "not specifically pleaded or denied by Movant." In his response to the motion for summary judgment of appellee Pat Donley, Marino merely asserted that there was a disputed fact issue, but was not specific as to what fact issue was material or disputed. The record reflects that Marino did not expressly present to the trial court the issue that summary judgment was precluded because of the movants' failure to address his civil conspiracy claim. However, the Texas Supreme Court has held that the non-movant needs no answer or response to the motion at all to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Since the motions for summary judgment of AID Consulting, Taylor, and Donley failed to address a basis for recovery raised by the non-movant's pleading, the claim of civil conspiracy, we find that as a matter of law the grounds presented to the trial court as to that claim were insufficient as a matter of law to support summary judgment as to that claim. *See Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563, 564 (Tex.1983) (per curiam). We therefore sustain point of error number two as to AID Consulting, Taylor, and Donley, individually and d/b/a Forensic Associates.

We affirm the summary judgment of State Farm, and the summary judgment in favor of AID Consulting, Taylor, and Donley, individually and d/b/a Forensic Associates as to all claims other than the claim of civil conspiracy, but we reverse the summary judgments in favor of AID Consulting, Taylor, and Donley as to Marino's claim of civil conspiracy, and remand for further proceedings.