Francesco MARINO, Petitioner,

v.

STATE FARM FIRE & CASUALTY
INSURANCE COMPANY et al.,
Respondents.

No. C–9071.

Supreme Court of Texas.

April 25, 1990.

Rehearing Overruled May 30, 1990.

Ben D. Sudderth, Comanche, Bonnie Sudderth, Fort Worth, for petitioner.

Robert J. Glasgow, Stephenville, Phillip W. Gilbert, David F. Hunt, Brian J. Hurst, Stephen E. Fox, Dallas, for respondents.

OPINION

SPEARS, Justice.

At issue is whether an insured's original suit to recover on an insurance policy bars as res judicata a subsequent suit alleging breach of the duty of good faith, even if this duty was not yet recognized at the time judgment was rendered in the first suit. The trial court rendered summary judgment against Marino on the basis of res judicata and the court of appeals affirmed. 774 S.W.2d 107. Because we hold that res judicata does not bar Marino's "bad faith" suit, we reverse the judgment of the court of appeals and remand the cause for trial.

Marino purchased a fire insurance policy from State Farm on his home, which was subsequently destroyed by fire on December 17, 1983. Marino is an Italian immigrant with limited abilities in the English language. After Marino reported the fire, a State Farm adjuster went to Marino's restaurant and allegedly attempted to induce Marino into signing a release from all liability on the claim by misrepresenting the contents of the release, stating that the document was merely an authorization for the adjuster to record Marino's statement. After Marino refused to sign the document upon advice of counsel, the adjuster allegedly accused Marino, in the presence of others, of arson and threatened not to pay the claim. Shortly before the deadline for submission of his claim (and after State Farm failed to send a promised claim form) Marino personally obtained a claim form from State Farm's office. Marino sub-

mitted his claim to State Farm who returned the claim form, stating that Marino had failed to complete it properly. Marino alleged that after he submitted a second claim form "State Farm denied the claim without having made any investigation of the claim." State Farm countered that it began an investigation immediately and that it denied Marino's claim based on expert reports that arson caused the fire.

In his first suit against State Farm, Marino alleged breach of contract and violations of the Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Comm.Code § 17.41 et seq. and of the Texas Insurance Code, article 21.21. State Farm never offered to settle the case. On the morning before trial, State Farm's counsel allegedly informed Marino's counsel that the District Attorney had requested and obtained copies of all evidence of the trial, that Marino would be prosecuted if a jury found that arson was involved in the fire, and that Marino would likely be sent to prison for arson if he did not dismiss his suit against State Farm. Marino claimed that, due to the stress of being accused of arson and threatened with the possibility of going to prison, he sustained severe emotional and physical stress, which resulted in his suffering a heart attack in November 1984.

At trial, following the presentation of evidence, Marino withdrew his statutory claims and submitted only his contract claim to the jury. In response to special issues, the jury failed to find that Marino set the fire and found the amount of damage to the house and contents caused by the fire. On January 6, 1987, the trial court rendered judgment on the verdict for Marino, awarding him the damages found by the jury plus attorney's fees. On January 28, 1987, in *Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex. 1987), we first recognized a tort cause of action for an insurer's breach of the duty of good faith and fair dealing. This common-law cause of action is generally referred to in a shorthand manner as a "bad faith" claim. On March 16, 1987, Marino filed a second suit alleging that State Farm breached the common-law duty of good faith. Marino also alleged that State Farm and its experts who investigated the fire, AID Consulting Engineers, Inc., Loy B. Taylor, and Pat H. Donley, Individually and d/b/a Forensic Associates, had conspired to defraud him of his right to recover under his insurance policy.

The trial court granted summary judgment for all defendants. The court of appeals affirmed in part and reversed in part. It upheld summary judgment in favor of State Farm, concluding that Marino's "bad faith" and civil conspiracy claims were barred by res judicata because they both arose out of the same subject matter as his first suit and both could have been litigated in the first suit. *See Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex.1979). In view of this determination, the court of appeals did not address State Farm's argument that it did not, as a matter of law, act in "bad faith" in the handling of Marino's claim. The court of appeals reversed the summary judgment in favor of AID Consulting, Taylor and Donley, holding that these parties had not proved that Marino's civil conspiracy claim was insufficient as a matter of law. This latter holding has not been appealed by the parties, nor has Marino challenged that part of the decision holding that his civil conspiracy claim against State Farm was barred by res judicata. The only issue briefed by the parties, and the only issue we will address, is whether Marino's common-law "bad faith" claim against State Farm is barred by res judicata.

■ This court has never addressed the issue of whether res judicata can bar a subsequent suit on a cause of action that was not recognized until after judgment was rendered in the first suit. Our past decisions do make clear, however, that a judgment in one suit will not operate as res judicata to a subsequent suit on the same question between the same parties "where, in the interval, the facts have changed, or new facts have occurred which may alter

the legal rights or relations of the parties." *City of Lubbock v. Stubbs*, 160 Tex. 111, 327 S.W.2d 411, 414 (1959); *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943, 947 (1958) (a judgment is res judicata "only of present and not future conditions"). Texas courts have since broadened this rule to apply to situations where a change in statutory law or decisional law has taken place. *See, e.g., Powell v. Powell*, 703 S.W.2d 434, 436 (Tex.App.—Waco 1985, writ ref'd n.r. e.); *Colorado County Federal Sav. & Loan Ass'n v. Lewis*, 498 S.W.2d 723, 731 (Tex.Civ.App.—Austin 1973, writ ref'd n.r. e.); *see also Murchard v. Berenson*, 307 F.2d 368, 369–70 (5th Cir.1962), *cert. denied*, 371 U.S. 962, 83 S.Ct. 541, 9 L.Ed.2d 509 (1962). These cases follow the well-accepted rule that res judicata is not a defense in a subsequent action if there has been a change in the material facts, the applicable statutory law, or the <u>decisional law</u> between the first judgment and the second suit.[1] The rationale underlying this rule is that no judgment can affect subsequently arising rights and duties. *See* 2 Freeman on Judgments (5th ed. 1925) § 713; *Wagner*, 64 So.2d at 268; *Blevins*, 344 S.W.2d at 377; *Lasasso*, 63 A.2d at 528; *Mullane*, 199 N.E. at 625. We find this logic particularly persuasive in the present case where the subsequent change in decisional law effected by *Arnold* not only conferred new rights upon Marino, but created an entirely new common-law cause of action. *See Powell*, 703 S.W.2d at 436; *Hudspeth v. Hudspeth*, 673 S.W.2d 248 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.) (appellants' action for accounting is a cause of action that arose subsequent to

the entry of the prior judgment and, therefore, res judicata is not a bar). Accordingly, we hold that, because Marino's "bad faith" claim was based on rights subsequently acquired, it was not part of his former cause of action and therefore was not barred by res judicata.[2]

■ Finally, State Farm argues that, even if the court of appeals incorrectly applied res judicata, an independent ground nevertheless exists for this court to affirm the judgment below. *See McKelvy v. Barber*, 381 S.W.2d 59, 64–65 (Tex.1964). State Farm asserts that it conclusively established the reasonableness of its refusal to pay Marino's claim. We have considered this argument and have reviewed the summary judgment proof. For example, the record reflects that after Marino reported the fire, a State Farm adjuster went to Marino's restaurant and allegedly attempted to induce Marino into signing a release from all liability on the claim by misrepresenting the contents of the release, stating that the document was merely an authorization for the adjuster to record Marino's statement. After Marino refused to sign the document upon advice of counsel, the adjuster allegedly accused Marino, in the presence of others, of arson and threatened not to pay the claim. These facts raise some question as to whether State Farm's denial of the claim was made in "bad faith". We conclude that State Farm has not met its summary judgment burden of establishing that there is no genuine issue of material fact and therefore that this argument is without merit. *See City of Houston v. Clear Creek Basin Authority,*

1.  *See State Farm Mut. Auto Ins. Co. v. Duel*, 324 U.S. 154, 162, 65 S.Ct. 573, 577, 89 L.Ed. 812 (1944) (general rule is that res judicata is no defense "where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation."); *see also Hurd v. Albert*, 214 Cal. 15, 3 P.2d 545, 549–50 (1931); *Wagner v. Baron*, 64 So.2d 267, 268 (Fla.1953); *Deke v. Huenkemeier*, 289 Ill. 148, 124 N.E. 381, 384 (1919); *Blevins v. Johnson*, 344 S.W.2d 375, 377 (Ky.1961); *In re Pomeroy*, 51 Mont. 119, 151 P. 333, 334 (1915); *Lasasso v. Lasasso*, 1 N.J.

324, 63 A.2d 526, 528 (1949); *Mullane v. McKenzie*, 269 N.Y. 369, 199 N.E. 624, 625 (1936); *Moseley v. Welch*, 218 S.C. 242, 62 S.E.2d 313, 318–19 (1950); *See generally* 2 Freeman on Judgments (5th ed. 1925) § 713.

2.  In so holding we note that, because it was not necessary to our disposition of this case, we have not addressed all of the issues that were discussed in the court of appeals' opinion. However, our silence should not in any way be viewed as approval of the court of appeals' discussion on res judicata.

589 S.W.2d 671, 678 (Tex.1979). Accordingly, we reverse the judgment of the court of appeals and remand this cause to the trial court.