**Jimmy Charles PATIN, Sr.,
and Margaret Patin,**

v.

**ALLIED–SIGNAL INC. and Travelers Indemnity Company of Rhode Island.**

No. 1:93–CV–0411.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 26, 1994.

Richard Ellis Turkel, Orange, TX, for plaintiff.

Hollis Horton, Orgain Bell & Tucker, Beaumont, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

In this diversity suit, defendant, Travelers Indemnity Company of Rhode Island (Travelers), has filed a Motion for Summary Judgment under FED.R.CIV.P. 56. Because this court finds that plaintiff's claims are barred on the grounds of res judicata and by the statute of limitations, Travelers' motion is GRANTED.

### I.  Background

On October 2, 1990, Plaintiff, Jimmy Charles Patin, Sr. (Patin), sustained a work-related injury to his right shoulder while in the employ of Allied–Signal, Inc. (Allied). Allied notified its insurer, Travelers, that although Patin would be filing a claim for medical expenses, weekly workers' compensation benefits would not be necessary since Patin had continued to work without any lost time due to the injury. Travelers paid all of Patin's medical expenses.

Shortly after his injury, Patin filed a claim with Travelers for total temporary disability payments. Travelers denied the claim. Patin was subsequently discharged by Allied on November 20, 1990. Patin, arguing that his discharge was improperly related to his filing of the disability compensation claim, brought suit against Allied in federal district court. Patin alleged that Allied had engaged in age discrimination and had illegally retaliated against him for filing a workers' compensation claim.[1] The case was tried to a jury, and the jury rejected both of Patin's claims.

Travelers refused to honor Patin's continuing demand for disability payments. On February 27, 1991, Patin retained an attorney to pursue his claim. On March 21, 1991, Plaintiff filed a claim for workers' compensation benefits with the Industrial Accidents Board (IAB). On February 20, 1992, the IAB awarded Patin $42,091.02. Both parties appealed the IAB award to the state district court in Orange County, Texas.

That case was tried to a jury which found in favor of Patin, and awarded Patin permanent partial disability benefits in the amount of $75,021.88, but rejected his claim for total temporary disability.

Patin has brought this action against Travelers. He alleges that Travelers, by rejecting his claim for weekly disability payments, breached its duty of good faith and fair dealing, engaged in a civil conspiracy with Allied to deny him his benefits, negligently and intentionally inflicted emotional distress upon him, and caused Mrs. Patin damages for loss of consortium. Travelers now moves for summary judgment on all causes of action. Travelers contends that Patin's claims are barred by the statute of limitations and on the basis of res judicata.

### II.  Discussion

#### A.

It is well-settled that a motion for summary judgment can be granted only if the matters considered by the court clearly demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Hampton v. Long,* 686 F.Supp. 1202, 1209 (E.D.Tex.1988). It is equally well-settled that the party moving for summary judgment has the burden of proving that "no genuine issue of material fact exists," and that he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 106 S.Ct. 2548, 477 U.S. 317, 91 L.Ed.2d 265 (1986). Travelers will only prevail if it can conclusively demonstrate that the statute of limitations has run or that res judicata bars this suit.

---

**1.**  *See* TEXAS LABOR CODE § 451.001 (formerly    TEX.REV.CIV.STAT.ANN. art. 8307c).

### B.

Patin's claim of breach of the duty of good faith and fair dealing is barred both on res judicata grounds and by the applicable Texas statute of limitations.

■ The Texas Supreme Court has consistently held that a plaintiff with a fully adjudicated lawsuit is barred from bringing another action, against the same defendant, on the same set of facts and circumstances. Res judicata applies not only to claims actually litigated, but also to claims that *could* have been litigated in the previous cause of action. *Jeanes v. Henderson,* 688 S.W.2d 100, 103 (Tex.1985);[2] *see also Texas Water Rights Com'n v. Crow Iron Works,* 582 S.W.2d 768, 772 (Tex.1979) (res judicata applies to claims "... which arise out of the same subject matter and which might have been litigated in the same suit."). Res judicata, therefore, will bar each of Patin's claims which he *could* have brought at either the first (the federal age discrimination case) or second (the state case for breach of contract) trial.[3]

■ Applying the res judicata standard adopted by the Texas Supreme Court, Patin is barred from bringing this suit since he fails to demonstrate, either in his brief or at the hearing, that he made any attempt to join his breach of good faith and fair dealing claim to the suit which he brought against Travelers for failure to pay.[4] By failing to raise a claim that he *could* have raised in the state court, Patin is subject to res judicata. All the facts on which the breach of good faith and fair dealing claim turn were in existence and known to Patin before he received a judgment from the state court on March 16, 1993. Patin does not allege in his brief, nor did he raise at the summary judgment hearing, any new actions taken by Travelers after March 16, 1993. The breach

of good faith and fair dealing claim and the action in state court are rooted in the same set of facts. Both causes of action depend on Travelers' failure to make timely payment. Travelers failure to make payments has already been litigated. This court will not now entertain Patin's attempt to get a "second bite at the apple."

The case law supports this conclusion. In *Soto v. Phillips,* 836 S.W.2d 266 (Tex.1992), the plaintiff, Soto, sued his employer and his employer's insurance carrier in state court for workers compensation benefits; Soto then, post-judgment, filed suit in federal district court against the same parties alleging breach of the duty of good faith and fair dealing and civil conspiracy. The defendant argued that res judicata barred the federal action as Soto could have brought the breach of duty and civil conspiracy claims in the state suit. The federal district court agreed and granted defendants motion for summary judgment on both the breach of good faith and fair dealing and the civil conspiracy claims. *Soto v. Phillips,* SA–89–CA–1269 (W.D.Tex. March 27, 1991). The federal district court reasoned that the claims were barred on the grounds of res judicata as Soto should have joined these claims in state court and failed to do so. The Fifth Circuit affirmed without opinion. *Soto v. Phillips,* 949 F.2d 1159 (5th Cir.1991).

Patin argues, relying on *Marino v. State Farm Fire & Casualty Ins. Co.,* 787 S.W.2d 948 (Tex.1990), that his breach of good faith and fair dealing claim is not barred on res judicata grounds since this cause of action did not come into existence until he won his breach of contract suit against Travelers in state court. He reasons that until a court determined that he was owed compensation by Travelers, it was impossible to determine whether Travelers' actions constituted a

---

**2.** In *Jeanes,* the Court found that res judicata applied when Plaintiff failed to show that it made any attempt to join the disputed claims during the original action.

**3.** The Fifth Circuit has held that, "[a] state court judgement commands the same res judicata effect from a federal court as it would in the court that rendered it, without regard to whether the state court applied state or federal law." *Rollins v. Dwyer,* 666 F.2d 141, 144 (5th Cir.1982).

**4.** Patin does argue that the federal court which heard his age discrimination and wrongful discharge claims refused to join his breach of good faith and fair dealing claim. While this makes a showing that Patin may have been unable to bring these claims in federal court, it fails to eliminate the res judicata effect of the state court action.

breach of its good faith and fair dealing duty. He misreads the relevant case law.

*Marino* merely holds that a newly created cause of action is not barred by res judicata. If a wholly new cause of action springs to life post-judgment, a plaintiff may still bring suit on this new claim against the defendants to the original suit.[5] The *Marino* court does not hold that a breach of good faith and fair dealing claim arises only after a plaintiff succeeds in obtaining a judgment for money damages. Instead, it makes a narrow exception to the rule that a plaintiff may not bring multiple separate lawsuits, based on the same set of facts, against the same defendants.

■ The breach of good faith and fair dealing claim also fails as it was not filed within the appropriate two year statute of limitations.[6]

■ The Texas Supreme Court has held that in breach of good faith suits against insurance carriers, limitations commence when "facts come into existence which authorize a claimant to seek a judicial remedy." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tx.1990). Generally, limitations begins to run when the insurer wrongfully denies coverage. *Murray* at 828. This tort is not one of a continuing nature. *Davis v. Aetna Cas. & Sur. Co.*, 843 S.W.2d 777, 778 (Tex.App.—Texarkana 1992, no writ history). The record clearly indicates that Travelers never instituted any form of workers compensation disability payments to Patin. Travelers duty to pay accrued at the earliest on December 18, 1990, and no later than

June 11, 1991.[7] Both of these dates are outside the two year statute of limitations.

Patin argues that the limitations is tolled until a reasonable person would assume that his insurers actions were in bad faith. This argument is contrary to the case law cited above and wholly unworkable. Under Patin's analysis, statute of limitations issues will turn on the reasonableness of the insurers actions and, therefore, be determined by a jury rather than by this Court.

*C.*

The civil conspiracy action is also barred by the statute of limitations.

■ Texas law provides for a two year statute of limitations for this tort. *Stevenson v. Koutzarov*, 795 S.W.2d 313, 318 (Tex. App.—Houston [1st Dist.] 1990, writ denied). The statute of limitations for civil conspiracy will run from the date of the alleged wrong. *Coppock & Teltschik v. Mayor, Day & Caldwell*, 857 S.W.2d 631 (Tex.App.—Houston [1st Dist.] 1993, no writ). All of the actions supporting a conspiracy theory which are alleged in Plaintiff's Original Petition (conspiracy to deny payments and conspiracy to wrongfully discharge Plaintiff) occurred before July, 1991.[8] Since this action was commenced in July 1993, the two year statute of limitations bars recovery for this tort.

■ The intentional infliction of emotional distress tort is also barred by the statute of limitations. This action is also governed by a two year statute of limitations. *Cathey v. First City Bank of Aransas Pass*, 758 S.W.2d 818, 821 (Tex.App.—Corpus

---

5. In *Marino*, the Texas Supreme Court first recognized the breach of good faith and fair dealing cause of action *after* the plaintiff had completed an action against his insurer for breach of contract. This is very different from the case at hand. All of the causes of action which Patin alleges in his complaint were in existence at the time he brought his action in state court.

6. A two year statute of limitations govern Patin's breach of duty claims. Tex.Civ.Prac. & Rem. Code Ann. Section 16.003(a).

7. *See* Tex.Rev.Civ.Stat.Ann. art. 8306 Section 18a which states "[w]ithin 20 days from the receipt of written notice of injury which produces compensable lost time the association, shall either

initiate weekly indemnity compensation of file with the Board a statement of controversion . . ." It is undisputed that Travelers first received written notice from Allied concerning Patin's injuries on November 27, 1990. Travelers received written notice of the claim from Patin on May 21, 1991. By adding the statutorily required 20 days to each of these dates, we find that Travelers duty to pay arose no earlier than December 18, 1990, and no later than June 11, 1991.

8. As noted above, Travelers' decision to deny payment came no later than June 11, 1991. The alleged wrongful termination conspiracy would have occurred on, or before, November 20, 1990—the day Patin was fired.

**370**

Christi 1988, writ denied). Although it is unclear from the pleadings exactly what set of alleged facts Patin is relying on for this cause of action, presumably he is claiming that the denial of workers compensation payments coupled with his supposedly wrongful termination amount to the intentional infliction of emotional distress. As noted above, Travelers committed all of these actions prior to July, 1991. The statute of limitations, therefore, bars this action.

 The intentional infliction of emotional distress and civil conspiracy claims are alternatively, and independently, defeated on the grounds of res judicata. As noted above, the claims are barred if they could have been brought during Patin's suit in state court. The state court action did not commence until after Patin had been denied compensation, been terminated from his job and been generally conspired against. Patin fails to allege anything that would lead this court to believe that: (1) he is bringing these claims based on a different set of facts than were alleged in the state court case; or (2) he could not have effectively presented these claims to the state court. Accordingly, the claims are barred.

### D.

Patin's claim for negligent infliction of emotional distress is not currently recognized under Texas law. *Boyles v. Kerr*, 855 S.W.2d 593 (Tex.1993).

### E.

As to Margaret Patin's claims for loss of consortium, they fail for two reasons: (1) all of Mrs. Patin's claims are derived from those of her husband and her husband's claims are barred; and (2) this court is unaware of, and Plaintiff fails to offer, any statute or case law that creates a duty between the insurer and an individual in Mrs. Patin's position.

### Conclusion

Considering the Defendant's Motion for Summary Judgment, this Court is of the opinion the Motion should be GRANTED as to all of Plaintiff's claims.