HILLTOP BAPTIST TEMPLE,
INC., Appellant,

v.

WILLIAMSON COUNTY APPRAISAL
DISTRICT; Williamson County Appraisal Review Board; County of Williamson; City of Cedar Park; Leander Independent School District; Williamson County Education District; and Austin Community College, Appellees.

No. 03–98–00468–CV.

Court of Appeals of Texas,
Austin.

June 30, 1999.

Charlotte Cover, Gibbs & Craze, P.A., Seminole, for Appellant.

Ken Oden, County Attorney, Carol M.V. Garcia, Assistant County Attorney, Shirley W. Warren, Assistant County Attorney, Roy L. Armstrong, McCreary, Veselka, Bragg & Allen, P.C., Austin, for Appellee.

Before Chief Justice ABOUSSIE, Justices KIDD and PATTERSON.

MACK KIDD, Justice.

This is a property tax case involving a change in the use of land and rollback taxes. *See* Tex. Tax Code Ann. § 23.55(a) (West Supp.1999). Hilltop Baptist Temple, Inc., ("Hilltop") appeals from a declaratory judgment in favor of Williamson County Appraisal District, Williamson County Appraisal Review Board, County of Williamson, City of Cedar Park, Leander Independent School District, Williamson County Education District, and Austin Community College (the "taxing entities"). We will affirm the trial court's judgment.

## Background

The parties have been enmeshed in litigation regarding these same rollback taxes for several years. In November 1991, Hilltop purchased a 31.72 acre tract of land in Williamson County (the "property"). At the time Hilltop purchased the property, and for the previous five years, it was used for agricultural purposes and was appraised as qualified open-space land. *See* Tex. Tax Code Ann. § 23.51 *et seq.* (West 1992 & Supp.1999). Hilltop continued to use the property for agricultural purposes through 1991. On or about January 7, 1992, Hilltop ceased using the property for agricultural purposes. This triggered the rollback tax provision of the Tax Code, section 23.55(a) which provides that if the use of land that has been appraised as open-space land changes, an additional tax is imposed on the land. Section 23.55(a) also sets out the method for calculating the additional tax. Hilltop does not contest the fact that for the 1992 tax year the land did not qualify for any tax exemption.[1]

On December 28, 1992, the Chief Appraiser for the Williamson County Appraisal District notified Hilltop that it was subject to additional taxes under section 23.55(a) and that he was notifying Hilltop's taxing entities to initiate a rollback. Hilltop protested the rollback taxes to the Williamson County Appraisal Review Board; the Board denied the protest.

In May 1993, Hilltop filed suit in district court seeking judicial review of the Board's decision ("Hilltop I"). During the pendency of Hilltop I, the rollback taxes became due. When Hilltop failed to pay the taxes, the taxing entities counterclaimed to recover the taxes. Additionally, while Hilltop I was pending in district court, the 1995 Legislature amended section 23.55 and exempted religious organizations from the rollback taxes if the religious organization converted the land to a use for which the land was eligible for a religious exemption within five years. *See* Act of May 24, 1995, 74th Leg., R.S., ch. 471, § 2, 1995 Tex. Gen. Laws 3188 (effective June 12, 1995) (the "1995 Act"). The 1995 Act stated:

> The sanctions provided by Subsection (a) of this section do not apply to land owned by an organization that qualifies as a religious organization under Section 11.20(c) of this code if the organization converts the land to use for which the land is eligible for an exemption under Section 11.20(c) of this code within five years.

*See* Tex. Tax Code Ann. § 23.55(*l*) (West Supp.1999).[2] Hilltop then amended its pleadings and argued that the new 1995 provision applied retroactively, and therefore, it extinguished and nullified the 1992 rollback taxes. Hilltop asked the trial court to declare the property exempt from the rollback taxes. Hilltop and the taxing entities both moved for summary judgment. Among other points, Hilltop contended that the 1995 Act exempted it from the additional rollback tax. The taxing

---

**1.** Since the 1993 tax year, the property has been used for religious purposes and has been tax-exempt. *See* Tex. Tax Code Ann. § 11.20 (West 1992 & Supp.1999).

**2.** The 1995 Legislature designated this amendment as section 23.55(j). The 1997 Legislature then redesignated it as section 23.55(*l*) without any substantive changes. *See* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 31.01(74), 1997 Tex. Gen. Laws 712. For convenience, we refer to the current subsection (*l*).

entities argued that the legislation was not retroactive in application, and therefore, Hilltop was liable for rollback taxes for tax years 1987 through 1991 despite the 1995 Act. On October 18, 1996, the district court denied Hilltop's motion for summary judgment and granted a final summary judgment in favor of the taxing entities ordering that they recover from Hilltop the amounts of delinquent taxes on the property for the tax years 1987 through 1991 in accordance with the five-year tax rollback set out in section 23.55(a).

On November 14, Hilltop appealed the trial-court judgment to this Court. On April 10, 1997, this Court dismissed Hilltop's appeal for failure to timely file the transcript, now known as the clerk's record. In May 1997, this Court overruled Hilltop's motion for rehearing. Hilltop did not file a petition for writ of error in the supreme court and this Court issued its mandate on August 15, 1997.

On July 20, 1997, before this Court issued its mandate, the Governor of Texas signed a bill that *related* to subsection 23.55(*l*); it did not, however, change the language or amend the subsection in any manner. *See* Act of May 29, 1997, 75th Leg., R.S., ch. 1411 § 8, 1997 Tex. Gen. Laws 5289 (effective June 20, 1997) (the "1997 Act"). The 1997 Act stated:

Section 23.55[*l*], Tax Code, as added by Chapter 471, Acts of the 74th Legislature, Regular Session, 1995, applies to a change of use of land:

(1) on or after June 12, 1995; or

(2) before June 12, 1995, if:

(A) the change of use occurred on or after June 12, 1990; and

(B) on June 12, 1995, the owner of the land had not been determined to be liable for the sanctions provided by Section 23.55(a) Tax Code,

by a final and nonappealable order or judgment.

*Id.*

On November 14, 1997, Hilltop filed its second lawsuit against the taxing entities, the lawsuit underlying this appeal ("Hilltop II"). Hilltop sought a declaratory judgment and once again asked the trial court to declare the property exempt from the section 23.55(a) rollback taxes incurred in 1992. Hilltop alleged as it had in Hilltop I that the 1995 Act applied retroactively and nullified the section 23.55(a) rollback taxes related to the property that accrued in 1992. Further, Hilltop alleged that the 1997 Act reversed the Hilltop I judgment and extinguished the taxes awarded in that judgment.

The taxing entities answered and asserted among other things the affirmative defense of res judicata.[3] Additionally, the taxing entities sought Rule 13 sanctions and attorneys' fees. They contended that Hilltop's second suit was groundless, frivolous and filed only to delay collection of the taxes awarded in the Hilltop I judgment.

Following a bench trial, the court ruled that Hilltop take nothing by its lawsuit. The trial court declared that the 1997 Act did not invalidate, reverse or disturb the final judgment rendered in Hilltop I. Additionally, the trial court awarded the taxing entities their attorneys' fees and post-judgment interest. Hilltop timely filed a notice of appeal.

**Discussion**

On appeal, Hilltop raises two issues contending that the district court erred by (1) ruling that it was not entitled to relief from the section 23.55(a) rollback taxes as afforded by the 1997 Act; and (2) awarding attorneys' fees to the taxing entities.

The taxing entities respond that Hilltop's liability for the rollback taxes was finally determined in Hilltop I and Hilltop II is barred by res judicata.[4] Additionally,

---

**3.** The taxing entities also asserted the affirmative defense of waiver. Additionally, they asserted that if the 1997 Act overruled the Hilltop I judgment, they would be deprived of their vested rights under the judgment. Finally, they asserted that the 1997 Act was a

retroactive law in violation of the Texas Constitution Article I, section 16.

**4.** Further, the taxing entities contend that, to whatever extent the judgment in Hilltop I was not final when the 1997 Act was signed, Hill-

the taxing entities contend that the trial court acted within its discretion in awarding attorneys' fees. Finally, the taxing entities assert that Hilltop's appeal is frivolous and they seek damages pursuant to Texas Rule of Appellate Procedure 45.

### Res Judicata

■ First, we determine whether res judicata applies in this second case involving the 1992 rollback taxes. In this suit, Hilltop reiterates the issue that the 1995 Act was retroactive, therefore, the property was exempt from the rollback taxes assessed in 1992. The issue whether the 1995 Act retroactively extinguished the rollback taxes assessed against Hilltop in 1992 was resolved in Hilltop I. That issue was before the trial court in Hilltop I, the court disagreed with Hilltop that the 1995 Act applied retroactively, and the court ruled that Hilltop was to pay the 1992 rollback taxes to the taxing entities. The only change in Hilltop's argument in Hilltop II from its argument in Hilltop I is that Hilltop now asserts a new basis for applying the 1995 Act retroactively—the 1997 Act.

■ Res judicata precludes relitigation of claims that have been finally adjudicated or arise out of the same subject matter and could have been litigated in the prior action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties, or those in privity with them, are identical in both lawsuits; and (3) the second lawsuit is based on the same claims that were raised or could have been raised in the first lawsuit. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996).

Hilltop argues that res judicata does not apply in Hilltop II because the 1997 Act

(which Hilltop contends clearly provides that Hilltop cannot be liable for the 1992 rollback taxes) became *effective* before this Court issued its *mandate* in the Hilltop I appeal. Consequently, as of the effective date of the 1997 Act, the Hilltop I judgment was not final.

■ Contrary to Hilltop's argument, "A judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal....'" *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex.1986) (adopting rule of Restatement (Second) of Judgments § 13, and overruling *Texas Trunk R.R. Co. v. Jackson*, 85 Tex. 605, 22 S.W. 1030 (Tex.1893)); *see also Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996). The principal reason the *Smithwick* court gave for adopting this rule was the nonsensical alternative of retrying the same issues between the same parties in subsequent proceedings with the possibility of inconsistent results. *Smithwick*, 724 S.W.2d at 6.

■ Even though a petition for writ of error to the supreme court was possible in Hilltop I when the 1997 Act became effective, that possibility does not eliminate the res judicata bar to a second lawsuit on the same issues. Based on *Smithwick*, the fact that this Court had not yet issued the mandate in the Hilltop I appeal and Hilltop could have appealed to the supreme court was not a defense to the taxing authorities's plea of res judicata. *See CLS Assocs., Ltd. v. A——B——*, 762 S.W.2d 221, 223 (Tex.App.—Dallas 1988, no writ). We conclude that the Hilltop I judgment was final and binding on the parties and precluded Hilltop from reasserting the retroactivity claim in Hilltop II.

Hilltop's other attempt to avoid the effect of res judicata is based upon *Marino v. State Farm Fire & Casualty Insurance*

top waived any right to relief under that act by failing to assert such a right in Hilltop I. Additionally, the taxing entities contend that the 1997 Act violated several sections of the Texas Constitution including (1) Article I, section 16, prohibiting a retroactive law; (2)

Article III, section 55, prohibiting a release of debt; and (3) Article II, section 1, prohibiting a legislature from construing and declaring the intentions of a law enacted by a former legislature.

*Co.,* 787 S.W.2d 948 (Tex.1990). At the first trial in *Marino,* the plaintiff went to the jury on a contract claim only. *Id.* at 949. After the trial court rendered judgment, the supreme court recognized bad faith as a new cause of action. *Id.* (citing *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165 (Tex.1987)). The plaintiff then filed a second suit based on the same facts as the first suit and alleged a bad faith claim. Although the trial and appellate courts held that res judicata applied and barred the second suit, the supreme court reversed allowing the plaintiff to proceed with his second suit asserting bad faith. *Marino,* 787 S.W.2d at 949–50. The *Marino* court held that "[r]es judicata is not a defense in a subsequent action if there has been a change in the material facts, the applicable statutory law, or the decisional law between the first judgment and the second suit." *Id.* at 950. The rationale in *Marino* was that no judgment can affect subsequently arising rights and duties. *Id.*

We find the situation in *Marino* distinguishable from this case. In *Marino,* allowing the plaintiff to assert a new cause of action did not reverse, void or invalidate the previous judgment based upon the plaintiff's contract claim. That judgment retained its integrity. Additionally, unlike *Marino,* Hilltop is not asserting a new claim or right that was created subsequent to Hilltop I. Rather, Hilltop is asserting the same claim as in Hilltop I with only a new reason why the court should rule differently on the same issue in Hilltop II. The 1997 Act did not amend or change the law that was in effect at the time of Hilltop I. The material facts, the decisional law, and the applicable statutory law have not changed between the first judgment and the second suit.

All elements of res judicata are present in this cause. There exists a final judgment on the merits in Hilltop I that was rendered by a court of competent jurisdiction. The parties are identical to those in Hilltop I and this case was based upon claims that were raised or that could have been raised in Hilltop I. Because we have determined that res judicata applies, we decline to address the other arguments regarding the 1995 and 1997 Acts. The first issue is overruled.

### Attorneys' Fees

In its second issue, Hilltop contends that if this Court determines that the trial court erred and Hilltop is entitled to an exemption from the 1992 rollback taxes then the attorneys' fees awarded by the trial court to the taxing entities would be erroneous and should be reversed. Because we decide that the trial court did not err in determining that Hilltop was not entitled to an exemption, the second issue is overruled.

### Relief Under Texas Rule of Appellate Procedure 45

The taxing entities ask this Court to assess damages pursuant to Rule 45 because Hilltop's appeal "flagrantly violates the principals of res judicata." Although we have ruled in the taxing authorities' favor, we decline to award damages pursuant to Rule 45.

### Conclusion

We affirm the trial court's judgment.