

# NUMBER 13-15-00488-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CHARLIE O. BURNETT III,** Appellant,

**v.**

**DRO IP, LTD.,** Appellee.

---

### On appeal from the 148th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Charlie O. Burnett III brought a suit to quiet title against appellee DRO IP, Ltd. (DRO). Burnett sought to remove DRO from the chain of title to real property located at 914 Ashland, Corpus Christi, Nueces County, Texas (the Property). The trial court denied Burnett relief and assessed sanctions against him. By two issues, which

we have reorganized, Burnett contends that the trial court: (1) unjustly applied the doctrine of res judicata; and (2) wrongly excluded certain evidence. We affirm.

## I. PROCEDURAL BACKGROUND[1]

Burnett filed his amended petition asserting that DRO's claims arise "from a **VOID** Corporation Assignment of Deed of Trust/Mortgage performed on April 28, 2011."[2] DRO filed a second motion to dismiss, plea of res judicata, and motion for sanctions. It also filed a first amended answer, affirmative defenses, and counterclaim that sought declaratory judgment that Burnett's quitclaim deed was invalid and unenforceable and that it be removed from the chain of title to the Property. On August 6, 2015, the trial court dismissed Burnett's claims with prejudice. On August 7, 2015, it entered an agreed order, granting DRO's motion for sanctions, striking Burnett's live petition, and rendering a take-nothing judgment against Burnett.[3] On September 24, 2015, the trial court entered a final judgment, ordering that (1) all claims of Burnett against DRO are barred by res judicata and/or collateral estoppel; (2) all claims of Burnett are dismissed with prejudice; (3) in his suit against DRO, Burnett is to take nothing; (4) by agreed order, sanctions are assessed against Burnett in the amount of $30,000; and (5) Burnett's

---

[1] Many of the underlying facts for this appeal are detailed in *Burnett v. Bank of New York Mellon*. *See* Nos. 13-12-00474-CV & 13-12-00753-CV, 2014 WL 8097058, at *1–3 (Tex. App.—Corpus Christi 2014, no pet.) (op. on reh'g) (*Burnett I* and *Burnett II*, respectively) (mem. op.) (involving a suit for forcible entry and an action to quiet title). We will not recite them here except as necessary to clarify our discussion of the issues in this appeal. *See* TEX. R. APP. P. 47.4.

[2] Burnett's first amended petition included an application for a temporary restraining order (TRO). After an ex-parte hearing, the trial court granted the application. A TRO issued and was extended a month later. Subsequently, the trial court denied Burnett injunctive relief and granted DRO's motion to dissolve the TRO.

[3] The order assessing sanctions against Burnett set out that it was an agreed order. Although Burnett makes cursory comments in his brief and his reply brief that his sanctions in the trial court were not by agreement, he does not bring that issue on appeal.

quitclaim deed is found to be invalid and unenforceable and shall be removed from the chain of title so as to quiet title to the Property of DRO. Burnett filed a motion for new trial that was overruled by operation of law. This appeal followed.

## II.    RES JUDICATA

In his first issue, Burnett claims that res judicata has no application in this case. He asserts that the trial court erred in dismissing his suit based on res judicata because his cause of action—a claim of fraudulent transfer—was not litigated in the prior lawsuits.[4] We are not persuaded by this argument.

Res judicata, or claim preclusion, prevents a party from bringing a claim that has already been decided by an earlier judgment. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 629 (Tex. 1992). "The policies behind the doctrine [of res judicata] reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Id.* The elements required to establish res judicata are "(1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised [out of the same subject matter] in the first action." *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

In *Burnett II*, we determined that the evidence established that Burnett held no interest in the Property at the time of the foreclosure sale and that he could not prevail on

---

[4] Burnett asserts that the "cause of action and core issue" in his suit asks the following question: "Was the Corporation Assignment of Deed of Trust/Mortgage performed on April 28, 2011 and recorded in Nueces County, Texas as Document number 2011016335 a valid and legal transfer in harmony with the laws of Texas and the relevant Court opinions that are germane to the question?"

a suit to quiet title against Bank of New York Mellon. *See Burnett v. Bank of New York Mellon*, Nos. 13-12-00474-CV & 13-12-00753-CV, 2014 WL 8097058, at *9 (Tex. App.—Corpus Christi 2014, pet. denied) (op. on reh'g) (*Burnett I* and *Burnett II*, respectively) (mem. op.). The record in this appeal shows that Burnett's claim to the Property remains based on the same ownership interest by quitclaim deed asserted in the prior lawsuits. By dismissing Burnett's lawsuit on the basis of res judicata, the trial court impliedly concluded that there was a prior final judgment (*Burnett II*), and it determined the identities of the parties or those in privity with them (Burnett and DRO—in privity with Bank of New York Mellon).[5] *See Amstadt*, 919 S.W.2d at 652. It also concluded that this second action was based on the same claims that were raised *or that could have been raised* in the first action. *See id.* While Burnett's issue regarding the transfer of the Property was not litigated in the prior case, the trial apparently concluded, and we agree, that the issue could have been raised at that time, even in a summary judgment context.[6] *See id.* And the "core issue," as Burnett describes it, was not precluded from being raised in prior litigation. So the record supports the trial court's dismissal of Burnett's claims on the basis of res judicata, and the trial court did not err in doing so.

---

[5] Burnett does not challenge the privity of DRO with the Bank of New York Mellon. *See Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996) (explaining that entities "can be in privity in at least three ways: (1) they can control the action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action").

[6] Burnett argues that because of the nature of the summary-judgment proceeding in the prior litigation, he was precluded from raising a fraudulent transfer claim, the claim he asserts is the primary or core issue in the present case. We disagree. Burnett could have raised this issue in the first action and did not do so. *See id.* at 652.

Burnett also argues that the trial court erred in granting the dismissal of his claims because there was a change in decisional law. *See Marino v. State Farm Fire & Cas. Ins. Co.*, 787 S.W.2d 948, 950 (Tex. 1990) ("Res Judicata is not a defense . . . if there has been a change in . . . the decisional law between the first judgment and the second suit."). Burnett relies on *Nueces County, Texas v. MERSCORP Holdings, Inc.* "to prove that [DRO's] claim to hold title can not [sic] be valid." *See* No. 2:12-CV-00131, 2013 WL 3353948, at *7 (S.D. Tex. July 3, 2013). Although Burnett identifies general propositions of law with citations to authority, he provides no clear and concise explanatory argument or analysis for this contention. Without more, we conclude this argument is inadequately briefed. *See* TEX. R. APP. P. 38.1(i). We have also reviewed *MERSCORP Holdings* and cannot discern how it changed the decisional law for determining the validity of a transfer of real property, as Burnett contends. *See* 2013 WL 3353948, at *7; *see also Marino*, 787 S.W.2d at 950.

We overrule Burnett's first issue.[7]

### III.     DRO'S MOTION FOR DISMISSAL AND MOTION FOR APPELLATE SANCTIONS

On March 21, 2016, DRO filed a motion to dismiss this appeal, claiming we lacked jurisdiction. *See* TEX. R. APP. P. 42.3(a). We carried the motion with the case on April 21, 2016. Among other things, in its motion, DRO argued that this appeal should be dismissed "because Burnett's entire action was barred by the doctrine[ ] of res judicata."

---

[7] Because of our disposition of the first issue, we need not address Burnett's remaining issue where Burnett complains "that the trial court erred at his injunction hearing by not admitting evidence that probably would have enticed the court to extend the TRO to an injunction that would have preserved the status quo," because it is not dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

We addressed the issue of res judicata, which was properly before us on appeal. We deny DRO's motion to dismiss as moot.

On March 21, 2016, DRO also filed a motion seeking sanctions against Burnett "for filing the present action and for seeking a TRO and injunctive relief" in the trial court. *See* TEX. R. APP. P. 45 (considering only matters that appear in the record, briefs, or other papers filed in this Court, "[i]f the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages"); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (West, Westlaw through 2015 R.S.); TEX. R. CIV. P. 13. DRO is seeking $7,500 as reasonable appellate attorney's fees.

While recognizing the trial court's comments that "[t]hese same causes of action have been litigated," Burnett is "attempting to get two bites at the apple," and Burnett "brought the same cause of action in [the trial] court asking for the same relief, and no one can blame [DRO] for asking for sanctions," Burnett's appeal is not a frivolous one. Although an appellate court has the authority to award just damages if it determines that an appeal is frivolous, it exercises that authority only if the record shows that the appellant did not act in good faith and had no reasonable expectation of reversal. *Caviglia v. Tate*, 365 S.W.3d 804, 814 (Tex. App.—El Paso 2012, no pet.); *see* TEX. R. APP. P. 45. Burnett is challenging the trial court's grant of DRO's motion to dismiss. The trial court sanctioned him $30,000 for his actions below. Burnett has not challenged that sanction. Now Burnett advocates his position, albeit a losing one. We cannot conclude that Burnett had no reasonable expectation of reversal or that he acted in bad faith. *See*

6

*Caviglia*, 365 S.W.3d at 814.   We deny DRO's motion for sanctions that we carried with the case on April 21, 2016.

### IV.   CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
1st day of September, 2016.