**Ray G. BESING and Ray G. Besing & Associates, P.C., Appellants,**

v.

**M.J. "Ike" VANDEN EYKEL, et al., Appellees.**

No. 05–93–00756–CV.

Court of Appeals of Texas, Dallas.

March 23, 1994.

Rehearing Denied May 10, 1994.

Jamie Wall, Dallas, for appellants.

Joe A. Byrom, Houston, Schuyler B. Marshall, Luke Ashley, Charles T. Frazier, R. Michael Northrup, Dallas, for appellees.

Before BAKER, OVARD and MALONEY, JJ.

## OPINION

BAKER, Justice.

This appeal arises from Besing's second legal malpractice suit against appellees.[1] In Besing's first suit (Besing I), the trial court granted appellees summary judgment on limitations. Besing appealed that judgment to this court. We affirmed the trial court's judgment. *See Besing v. Seeligson, Douglass, Falconer & Vanden Eykel,* 822 S.W.2d 107 (Tex.App.—Dallas 1991, writ denied).

In an amended motion for rehearing in this court, Besing claimed the Texas Supreme

Court's decision in *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154 (Tex.1992), tolled the statute of limitations. We denied Besing's amended motion for rehearing. Besing filed a writ of error with the supreme court asserting the *Hughes* decision prevented limitations from barring his suit. The supreme court denied Besing's writ of error.

While Besing's writ of error was pending before the Texas Supreme Court, Besing filed a second legal malpractice suit (Besing II) against appellees. The Besing II trial court dismissed Besing's suit based on the supreme court's denial of Besing's writ of error. Besing appeals the trial court's dismissal of his cause of action.

Besing claims the trial court erred in dismissing Besing II because res judicata and collateral estoppel are inapplicable. He claims the law on limitations changed between the Besing I judgment and the filing of Besing II such that res judicata does not bar his claim. We disagree. We affirm the trial court's order.

## THE PARTIES' CONTENTIONS

Appellees contended in the trial court that Besing could not bring the suit because Besing I is res judicata to Besing II. Besing claims Besing I does not bar this suit because the supreme court changed the decisional law on whether limitations bars his suit. Besing argues that under the Texas Supreme Court's decision in *Marino v. State Farm Fire & Cas. Ins. Co.,* 787 S.W.2d 948 (Tex.1990), res judicata does not bar Besing II.

## APPLICABLE LAW

### A. Res Judicata

■■■ Res judicata, or claim preclusion, prevents the relitigation of a claim or cause of action that a court has finally adjudicated. Res judicata also prevents relitigation of related matters that, with the use of diligence,

---

1. The appellees in this suit are M.J. "Ike" Vanden Eykel, Seeligson & Steinberg, P.C., Henry Seeligson, John P. Falconer, Jr., Paul T. Nipper, Jr., Jimmy L. Verner, Jr., Lynch, Chappell & Alsup, P.C., Tom C. McCall, Fran B. Lyon, C. Barry Osborne, Small, Craig & Werkenthin, P.C., Thomas T. Rogers, and J. Matthew Dow. Besing and appellees agreed at oral argument that the parties to this appeal were parties to the first legal malpractice suit or are successors in interest to those defendants.

a party should have litigated in the first suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). The policies behind the doctrine are the need to bring litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Barr*, 837 S.W.2d at 629. Res Judicata reaches matters actually litigated and causes of action or defenses that arise out of the same subject matter. *Barr*, 837 S.W.2d at 630.

## B. Change in the Substantive Law

■ Res judicata will not bar a later action if there has been a change in the material facts, or in the applicable statutory or decisional law between the first judgment and the second suit. *Marino*, 787 S.W.2d at 950. The *Marino* rationale is that the first judgment cannot affect rights and duties arising after that judgment. *Marino*, 787 S.W.2d at 950.

The supreme court held Marino's suit on an insurance policy was not res judicata to his later suit for breach of the duty of good faith. The first suit did not bar the second because the bad faith cause of action did not exist until after the first judgment. Marino's bad faith claim was a right acquired after the first judgment. *Marino*, 787 S.W.2d at 950.

## C. Statute of Limitations

■ A statute of limitations does not give any right of action, but restricts the period within which a party can assert a right. *American Nat'l Ins. Co. v. Hicks*, 35 S.W.2d 128, 130 (Tex.Comm'n App.1931, judgm't adopted). The statute does not affect substantive rights or create a right of action belonging to a particular party. *City of Dallas v. Etheridge*, 152 Tex. 9, 253 S.W.2d 640, 643 (1953). Instead of creating substantive rights, a statute of limitations limits substantive rights. It compels a party to bring a cause of action within a reasonable time so the opposing party has a fair opportunity to defend it. *Matthews Const. Co. v. Rosen*, 796 S.W.2d 692, 694 (Tex.1990).

■ A cause of action sounding in tort generally accrues when the defendant com-pletes the tort—the act committed and damage suffered. *Atkins v. Crosland*, 417 S.W.2d 150, 152–53 (Tex.1967); *Black v. Wills*, 758 S.W.2d 809, 816 (Tex.App.—Dallas 1988, no writ). A cause of action for legal malpractice accrues when the client sustains a legal injury. *Hughes*, 821 S.W.2d at 156; *American Medical Electronics, Inc. v. Korn*, 819 S.W.2d 573, 577 (Tex.App.—Dallas 1991, writ denied). The discovery rule applies to legal malpractice suits. *Willis v. Maverick*, 760 S.W.2d 642, 646 (Tex.1988).

■ The Texas Supreme Court changed the law on tolling of the statute of limitations in certain legal malpractice suits. *See Hughes*, 821 S.W.2d at 154. When an attorney commits malpractice in the prosecution or defense of a claim, pending appeals of the underlying suit toll limitations on the malpractice claim. Once the party exhausts all of its appeals in the underlying suit, limitations begins to run. *See Hughes*, 821 S.W.2d at 157. The court found the legal injury and discovery rules would force a plaintiff to take inherently inconsistent positions in the underlying case and the legal malpractice suit. *Hughes*, 821 S.W.2d at 156.

## APPLICATION OF LAW TO FACTS

We must determine whether the *Marino* rule applies to this case and prevents res judicata from barring this suit. Res judicata does not apply to a cause of action created after the first suit. The policy behind the *Marino* rule is that res judicata cannot affect substantive rights that did not exist during the first suit.

■ Before and after *Marino*, the rule applied to changes in the facts or the creation of a new cause of action. *E.g., City of Lubbock v. Stubbs*, 160 Tex. 111, 327 S.W.2d 411 (1959); *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943 (1958); *Mroz v. U.S. Fire Ins. Co.*, 826 S.W.2d 729 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Powell v. Powell*, 703 S.W.2d 434 (Tex.App.—Waco 1985, writ ref'd n.r.e.); *Colorado County Fed. Sav. & Loan Ass'n v. Lewis*, 498 S.W.2d 723 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). The change in the facts or law must affect the substantive rights of the party. We conclude *Marino* applies only if

there is a change in the law or facts that creates substantive rights that did not exist until after the first judgment.

■ *Hughes* changed the tolling of the statute of limitations in legal malpractice suits. The statute of limitations does not give a party substantive rights. *See City of Dallas,* 253 S.W.2d at 643. *Hughes* dictates when a party can assert his substantive rights. It does not add substantive rights not in existence at the time of the first suit.

The change in the law on tolling of the statute of limitations did not give Besing additional substantive rights. Besing's substantive right was his legal malpractice cause of action. *Hughes* did not create a new cause of action as in *Marino* and the cases relying on *Marino.* Additionally, Besing does not claim a change in the facts or that the change altered his substantive rights. We hold the *Marino* rule does not apply to a change in the tolling of the statute of limitations because the change does not create new substantive rights.

We next determine whether application of res judicata bars this suit. Res judicata prevents a plaintiff from suing the same defendants on a cause of action the plaintiff has already sued upon. Besing alleges the same legal malpractice claims against the same defendants or their successors in interest. Because there has not been a change in the law or facts that creates new substantive rights, res judicata applies to bar this suit. We hold the trial court correctly dismissed Besing's suit because Besing I operates as res judicata to this suit. We overrule Besing's point of error. We affirm the trial court's judgment.