**Celso DURAN, Appellant,**

v.

**RESDOOR COMPANY, INC. and R.E. Sweeney Company, Inc., Administrators and/or Sponsors of the R.E. Sweeney Company Benefit Plan, Appellees.**

**No. 02–97–120–CV.**

Court of Appeals of Texas, Fort Worth.

June 11, 1998.

Rehearing Overruled July 23, 1998.

Bernard A. Guerrini, Berbard A. Guerrini, P.C., Dallas, for Appellant.

H. David Flowers, Mack Ed Swindle, Thomas F. Harkins, Jr., Michener Larimore Swindle, Whitaker Flowers Sawyer, Reynolds & Chalk, L.L.P., Fort Worth, for Appellees.

Before DAUPHINOT, RICHARDS and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is related to our decision in *Duran v. Resdoor Co.*, No. 02–97–075–CV (Tex.App.—Fort Worth, June 11, 1998) (not designated for publication) concerning Duran's claims against Resdoor Company, Inc. ("Resdoor") and R.E. Sweeney Company, Inc. ("Sweeny") for job-related injuries. Just prior to rendition of the judgment in the first suit, Duran filed this ERISA claim against Resdoor and Sweeney as administrators of the companies' benefit plan. The companies moved to abate and dismiss Duran's ERISA petition, asserting res judicata, collateral estoppel, and the one satisfaction rule prevented Duran from relitigating issues from the first suit in this ERISA action. While Duran contends that no such "motion to dismiss" exists under the Texas Rules of Civil Procedure, it is obvious from the record that the trial court treated the motion as one for summary judgment. Because Duran's ERISA claim is barred by the doctrine of res judicata, we affirm the trial court's judgment.

## Res Judicata

▌ Res judicata, or claim preclusion, prevents relitigation of a claim or cause of action that has been finally adjudicated, as well as of matters arising out of the same transaction that, with due diligence, could have been litigated in the original suit. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630–31 (Tex.1992). This doctrine effectively prevents a plaintiff from "splitting" his or her cause of action and later asserting claims that could have been litigated in the first suit. *See Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex.1985); *Henry v. Chubb Lloyds Ins. Co. of Texas*, 895 S.W.2d 810, 812–13 (Tex.App.—Corpus Christi 1995, writ denied); *Besing v. Vanden Eykel*, 878 S.W.2d 182, 183–84 (Tex.App.—Dallas 1994, no writ).

▌ The most frequently cited early statement of the rule is found in *Freeman v. McAninch*, 87 Tex. 132, 27 S.W. 97, 100 (1894), where the Texas Supreme Court declared that "[a] party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties, or their privies, in reference to the same subject-matter." *Id.* Thus, a judgment, "is not only final as to the matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided." *Id.* at 99.

The court in *Barr* acknowledged the difficulty in determining what claims "could have been litigated" in the prior suit. After reviewing its previous conflicting res judicata holdings, the court adopted the "transactional approach" to claim preclusion of the Restatement (Second) of Judgments. *Barr*, 837 S.W.2d at 631. The court noted:

> A "transaction" under the Restatement is not equivalent to a sequence of events, however; the determination is to be made pragmatically, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage."

*Id.* (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)). The court compared the definition of res judicata to the rule of compulsory counterclaims embodied in the rules of civil procedure which requires a party defending a claim must bring as a counterclaim any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...." *Id.* at 630 (quoting TEX.R. CIV. P. 97(a)).

## Duran's ERISA Claim

ERISA provides for exclusive federal court jurisdiction in certain circumstances and for concurrent federal and state court jurisdiction in other types of ERISA actions. For most suits brought under ERISA, the federal courts have exclusive jurisdiction. *See* 29 U.S.C.A. § 1132(e)(1) (West 1997). The only exception to exclusive federal court jurisdiction is that state courts have concurrent jurisdiction to hear suits brought under 29 U.S.C.A. § 1132(a)(1)(B) (West 1985), which allows a participant or beneficiary to sue:

\*to recover benefits due to him under the terms of his plan;

\*to enforce his rights under the terms of the plan; or

\*to clarify his rights to future benefits under the terms of the plan.

*Id.*

▌ In the first suit, Duran alleged wrongful termination and claimed damages for "benefits, retirement and medical benefits" he would have received had he not been terminated. Duran contends his subsequent ERISA claim against the companies, brought against them in a different capacity, is not based on the facts litigated in the first suit. We disagree.

The companies' motion to dismiss points out that Duran seeks disability benefits for "precisely the same injury" he claimed in the first suit. The first suit alleged Duran sustained a work-related injury due to Resdoor and Sweeney's negligence and that he was wrongfully terminated after filing suit. The jury found Resdoor and Sweeney not negligent but that Duran had been wrongfully terminated. As a result the jury awarded Duran $800 in damages for loss of "employ-

ment benefits" and $19,000 in other damages for the wrongful termination.

It is apparent that the first suit and the ERISA suit arise from the same transaction and that Duran has simply *split* one cause of action into two suits for strategic purposes. Splitting is forbidden. *See Jeanes*, 688 S.W.2d at 103. While the ERISA claims are against Resdoor and Sweeney as "administrators" of the employee benefit plan, this distinction is irrelevant in this case. The res judicata doctrine does not allow Duran to relitigate the facts and damages decided in the first suit against Resdoor and Sweeney in a different capacity. Further, Duran sought the identical amount of damages for both the ERISA and the wrongful termination claims. The facts underlying both suits are related in time, space, origin, or motivation and would form a convenient trial unit. Because Duran has already received an award for loss of "employee benefits" in the first suit, res judicata prevents his attempt to seek those same benefits again through his ERISA claim.

### The Companies' Cross–Point

The companies contend that we should assess additional costs and sanctions against Duran for delay and harassment caused by filing the appeal. TEX.R.APP. P. 45. A party's right to an appeal is a sacred and valuable right. *See Masterson v. Hogue*, 842 S.W.2d 696, 698–99 (Tex.App.—Tyler 1992, no writ). Delay damages should be "applied with prudence, caution and after careful deliberation." *See Loyd Electric Co. v. Millett*, 767 S.W.2d 476, 484 (Tex.App.—San Antonio 1989, no writ). In determining whether to award the companies delay damages, we review the record from Duran's point of view at the time he appealed to decide if reasonable grounds existed for his belief that the case should be reversed. *See Daniel v. Esmaili*, 761 S.W.2d 827, 830 (Tex. App.—Dallas 1988, no writ). We assess damages only if the likelihood of a favorable result was so improbable that this appeal was taken only for delay and without sufficient cause. While the litigation in this suit was very contentious, we do not find that this appeal was brought solely to harass the com-

panies, or that it was completely groundless and filed for purposes of delay.

The companies' cross-point is overruled.

### Conclusion

Because the facts underlying the two suits are the same, and because Duran has already received damages for loss of employment benefits in his first suit, res judicata bars Duran's ERISA claim. The trial court's judgment is affirmed.