hWOODARD, Judge.
In this dispute, concerning the performance of a master service contract, Total Minatome Corporation (Total) requests that we reverse a trial court’s decision (Total II), granting Patterson Services Inc.’s (Patterson) exception of res judicata. This decision was based on a prior Texas judgment (Total I) which dismissed Total’s claim under a Texas statute of limitations.
First, we assessed whether Louisiana’s or Texas’ law of res judicata applies. Having done so, we found that the United States Constitution’s full faith and credit clause, inter alia, mandates that we apply Texas law.
Next, we reviewed whether, under Texas’ res judicata law, the Total I judgment barred the Total II decision. We concluded that in Texas, res judicata bars a subsequent action, unless, after the court rendered the original judgment, the legislature or the jurisprudence changed the parties’ substantive rights; namely, gave the party a new right of action. We found no such change in the case sub judice.
Finally, Total argues that the preclusive scope of the judgment in Total I does not bar the cause of action which it asserted in Total II. The issue is whether Total asserted or could have asserted Total II’s claims in Total 1. We note that Total filed Total II under the same facts as those under which .it filed Total I. Furthermore, Total I and Total II, essentially, assert the same claims.
Accordingly, we hold that the Total II court’s granting of Patterson’s exception of res judicata was proper and affirm.
⅜ ⅜ ⅜ ⅜ ijs ⅜;
On June 4, 1990, Patterson and Total Minatome Corporation entered into a master service contract, which, among other provisions, contained a choice of law clause, stating that the parties agreed to “be governed by the laws of the State óf Texas.” On December .3, 1991, a pipe, allegedly supplied by Patterson to Total’s Lake Enfermer wells in Lafourche Parish, Louisiana, failed at the Ruth D. Clow number two well. Consequently, Total refused to pay Patterson for rental equipment, supplies, and materials, as provided for in the contract.
| ¡¿Patterson initially filed suit for breach of the master service contract in Texas federal district court on August 28, 1992. Total Minatome Corporation, Parker and Parley Petroleum Co., Samedan Oil Corp, Clinton Oil Co., and Graham Resources, Inc. (hereinafter together referred to as Total) counterclaimed, alleging that they suffered damages which the allegedly defective Patterson pipe caused. Nevertheless, the federal court dismissed the actions, apparently without prejudice, on June 17,1994.
Meanwhile, Total filed a suit in La-fourche Parish, Louisiana on June 10, 1994. It also filed suit in Harris County, Texas, on August 16, 1994. Total actively pursued the Texas suit but caused the Louisiana suit to be dismissed without prejudice on December 28, 1995. However, on March 1, 1996, upon Patterson’s motion for summary judgment, the Texas court dismissed Total’s suit in Harris County as being barred by a Texas statute of limitations and overruled Total’s motion for a new trial on July 8, 1996. (We refer to the Texas state proceedings as Total I.)
Total did not appeal Total I. Instead, it filed another suit in Lafayette Parish, Louisiana on April 24, 1996 (Total II). On April 29, 1997, that court transferred venue to Lafourche Parish. Subsequently, Patterson filed a peremptory exception of res judicata based on Total I. On October 23, 1998, the trial court granted Patterson’s exception. Total appeals.
APPLICABLE LAW OF RES JUDICA-TA
The initial issue is whether Louisiana courts should apply Texas’ or Louisiana’s res judicata law to determine whether to give estoppel effect to the Total I judgment, as it originally dismissed Total’s *177 suit as being time barred under a Texas statute of limitations.
At the outset, we note that U.S. Const, art. 4, § 1 mandates that every state must give the public acts, records, and proceedings of another state full faith and credit. Well-settled federal jurisprudence dictates that a forum state is to give a sister state’s judgment, at least, the res judicata effect that it may have in the rendering sister state.[1] Similarly, in Anderson v. Collins,[2] our Second Circuit relied on Durfee v. Duke, a | sFederal Fifth Circuit 2000 case, and U.S. Const, art. 4, § 1, and stated that “the courts of each state must give to the judgments of other states the same conclusive effect between the parties as is given such judgment in the states in which they were rendered.”
Accordingly, the aforementioned principles mandate that we apply Texas’ res judicata in order to determine whether our court should give the judgment in Total I preclusive effects in the Louisiana litigation.
Because we find Texas’ res judicata law to be applicable, Total’s fourth assignment of error, which is based on Louisiana law, is pretermitted.
TOTAL I’S PRECLUSIVE EFFECTS
Now, we consider whether Texas’ res judicata law accords estoppel effect to a Texas summary judgment, which dismissed a suit based on a Texas statute of limitations.
Texas jurisprudence provides that, a judgment’s res judicata effect bars a later action unless there has been an intervening change in the material facts, or in the applicable statutory or decisional law between the initial judgment and the second suit.[3] This is known as the Marino rule. However, the court, in Besing v. Vanden Eykel,[4], specified that the Marino rule applies to substantive rights as opposed to mere procedural rights.
A statute of limitations is defined as one which restricts the period within which a party may assert a right.[5] It compels parties to bring suit within a reasonable time to give the opposing party a fair opportunity to present a defense.[6] Texas law considers a change in a statute of limitations to be procedural, not substantive, and it does not grant the parties a new right of action ,[7]
|4In Besing,[8] a former client brought a malpractice action (Besing I) against an attorney. The court dismissed the suit on the ground that the statute of limitations had run. The second litigation (Besing II) arose out of a Texas Supreme Court decision to change the statute of limitations’ tolling rules. The Besing II court found that a change in a statute of limitations’ tolling rules merely dictated when a party could assert its substantive rights, as opposed to adding substantive rights not in existence at the time of the first suit. Thus, it did not find that the change opened the new-window-of-opportunity-type change which the Marino rule provided. Instead, it found that Besing I barred Besing II.[9]
*178 Similarly, in the case sub judice, we must decide whether a Texas court would find that Total I’s judgment does not bar Total II simply because a more favorable, new statute of limitations (presumably the Louisiana statute of limitations) could apply-
We find that the Besing decision controls. Accordingly, Texas does not regard the change in a statute of limitations to bestow new substantive rights on Total. Thus, Total cannot assert the Marino rule to avoid Total I’s barring effect.
We affirm the Total II court on this issue.
TOTAL I’S JUDGMENT’S PRECLU-SIVE SCOPE
Next, we examine whether Total asserted, or could have asserted, in Total I, the same claim(s) that it asserts in Total II.
Under Texas law, the doctrine of res judicata precludes the relitigation of a finally adjudicated claim or cause of action, regarding matters arising out of the same transaction, which a diligent party could have litigated in the original suit.[10] The supporting public policy for this principle considers “the need to prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery.”[11]
In effect, the res judicata doctrine prevents a plaintiff from “splitting” a cause of action to assert, in different actions, claims that could have been litigated in a single |Bsuit.[12] In other words, a judgment is final regarding the matters actually determined, as well as any other matter that the parties could have litigated in the cause.[13] To guide courts in determining which matter could have been litigated in the original suit, the Texas Supreme Court, in Barr,[14] adopted a transactional approach which gives weight to the following factors: (1) whether the facts are related in time, space, origin, and motivation; (2) whether they form a convenient trial unit; and (3) whether then-treatment as a trial unit conforms to the parties’ expectations, business understanding, or usage.
In the case sub judice, undisputably, Total I and Total II concerned the same parties. Moreover, Total asserted the same operative facts as a basis for the complaint. Finally, after a thorough review of the record, we find that the Total I and Total II petitions assert, essentially, the same claims. Specifically, Total I asserted that Patterson was liable because of its “breach of contract,” as well as its negligence, “givfing] rise to damages in tort.” Although styled differently, Total II asserts, virtually, the same cause of action. Additionally, Total II does not assert a claim which Total could not have asserted in Total I. Thus, under Texas’ res judicata law, the Total I judgment barred Total II.
Accordingly, we affirm the trial court’s decision, granting Patterson’s exception of res judicata.
CONCLUSION
We find that Texas’ res judicata law bars Total’s claim. Accordingly, we affirm the trial court’s decision and cast Total with all costs for the appeal.
AFFIRMED.

. Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); Tennessee, ex rel Sizemore v. Surety Bank, 200 F.3d 373 (5th Cir.2000).

. 26,142, pp. 10-11 (La.App. 2 Cir. 1/6/95); 648 So.2d 1371, 1380, writs denied, 95-629, 95-783 (La.4/21/95); 653 So.2d 576.

. Marino v. State Farm Fire & Cas. Ins. Co., 787 S.W.2d 948 (Tex.1990).

. 878 S.W.2d 182 (Tex.App.—Dallas 1994, writ denied).

. City of Dallas v. Etheridge, 152 Tex. 9, 253 S.W.2d 640 (1952).

. Matthews Const. Co., Inc. v. Rosen, 796 S.W.2d 692 (Tex.1990).

. Rosen, 796 S.W.2d 692.

. 878 S.W.2d 182.

. Id.

. Barr v. Resolution Trust Corp., 837 S.W.2d 627 (Tex.1992).

. Besing, 878 S.W.2d at 184.

. Duran v. Resdoor Co., Inc., 977 S.W.2d 690 (Tex.App.—Fort Worth 1998, writ denied).

. Id.

. 837 S.W.2d 627.