COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-400-CV

 

 

FRANK CORNISH, IV AND                                                   APPELLANTS

ROBIN CORNISH                                                                                  

 

                                                   V.

 

WASHINGTON MUTUAL BANK,
FA                                APPELLEES

AND WELLS FARGO BANK, TEXAS                                                        



 

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








In nine points, Appellants
Frank Cornish, IV and Robin Cornish (collectively, Athe
Cornishes@) appeal the trial court=s grant
of summary judgment in favor of Appellees Washington Mutual Bank, FA and Wells
Fargo Bank, Texas (collectively, Athe
Banks@) and
the denial of their motion for a no- answer default judgment.

II. 
Factual and Procedural Background

This is the case of the alleged faulty
foreclosure.  The Cornishes purchased a
home at 305 Sheffield Drive in Southlake, Texas, with a purchase money mortgage
loan.  The Cornishes fell behind in their
mortgage obligations and sought protection in the United States Bankruptcy
Code.  They filed bankruptcy three times:
in 2001, 2004, and 2005.  Their last
bankruptcy filing was dismissed as having been filed in bad faith, and the
Cornishes were forbidden from filing any other bankruptcy proceeding until
after the final, unappealable disposition of this case or any other litigation
either regarding the house at 305 Sheffield Drive or between the parties to
this suit.








The Cornishes contended that they entered into a
deed of trust dated June 28, 1993, with Bluebonnet Savings Bank, FSB, which
then conveyed its interest as beneficiary under the deed of trust to Norwest
Bank Texas South Central, who later conveyed the same interest to Washington
Mutual Bank.  They asserted that at no
time was Wells Fargo conveyed any interest in the property prior to the
purported foreclosure, nor did it ever have any contractual rights with the
Cornishes entitling it to serve notice to accelerate the note that the deed of
trust secures or give notice of trustee=s sale
as mortgagee or servicer of the note to the Cornishes.

On the other hand, according to the Banks, the
Cornishes have gone for years without paying on their mortgage note or paying
any rent, a situation that has obliged the Banks, in order to protect their
collateral, to pay the Cornishes=
homeowner=s insurance and taxes, which has
provided the Cornishes with cost-free housing. 
The Banks also contend that the Cornishes lost title to the house in
March 2004 by a foreclosure.








The Cornishes filed suit against the Banks on
July 21, 2005, through a wrongful foreclosure action and a suit to try
title.  The petition alleged that a
foreclosure of the Cornishes= home
sixteen months earlier had been wrongful because of a lack of notice of
default, a lack of power by the trustee to conduct the sale, and the property=s status
as a homestead.  Because the petition
raised certain issues of federal law and bankruptcy law, the Banks filed a
notice of removal in federal court on August 27, 2005.  The Cornishes alleged that these actions were
all removed to a bankruptcy case that had already previously been closed on
April 14, 2004.  On September 21, 2005,
while the case was pending in bankruptcy court, the Banks served and filed
their answer to the Cornishes= state
court petition in the bankruptcy court. 
Also while the case was in bankruptcy court, the Cornishes agreed to
file an amended petition in state court to remove all allegations regarding
violations of bankruptcy or other federal law; they also agreed not,
thereafter, to make any claims under bankruptcy or federal law.  After the filing of that amended petition,
the case was remanded to the trial court.

The Cornishes= amended
petition alleged the same previous grounds of wrongful foreclosure and suit to
try title.  The Cornishes next filed a
motion for no-answer default judgment on January 18, 2006, followed on January
20, 2006, with a first amended motion for no-answer default judgment, with
affidavits in support of their request for damages.  The trial court set a hearing on the
Cornishes= default judgment motion for
February 2, 2006.  However, prior to that
date, the Banks filed a copy of the original answer to the wrongful foreclosure
suit which was filed in bankruptcy court after its removal as well as their
amended answer to the amended petition. 
Thereafter, the court took the hearing off the docket.  








On September 18, 2006, the Banks= counsel
filed a motion for summary judgment, attacking the basis for the wrongful
foreclosure suit, and on October 5, 2006, filed a supplement.  The trial court set the motion for hearing on
October 27, 2006.  The Cornishes
responded to the motion for summary judgment by fax to the district clerk on
Friday, October 20, 2006, who file marked the response on Monday, October 23,
2006, and the Banks filed a reply, which included an affidavit of Becky Howell,
Director of Foreclosure Operations of the law firm that Washington Mutual hired
to foreclose the lien on the Cornishes=
house.  On October 26, 2006, the
Cornishes filed a response to the Banks= reply
and challenged the truthfulness Howell=s
affidavit and its attached exhibits to the extent that Howell=s
affidavit did not demonstrate any proof of depositing in the mail the purported
notice of foreclosure to the Cornishes. 
According to the Cornishes, the United States Postal Service had no
record of these purported notices= being
deposited in the mail system.  Also
according to the Cornishes, the notices in Howell=s
exhibits C and D falsely stated that Wells Fargo was the mortgagee of the
Cornishes= deed of trust, and such notice
to accelerate the maturity of the debt by a noncontractual entity such as Wells
Fargo was void and insufficient even if the Banks had proof that they deposited
the same in the U.S. mail for delivery to the Cornishes.  They alleged that nowhere in the record was
it established that Wells Fargo had been the deed holder by lien, judgment, or
conveyance of interest in the real property, and that no record existed in the
Tarrant County Clerk=s office that ever transferred
title to the property to Wells Fargo, giving right to give legal notices and
accelerate the maturity of the Cornishes= deed of
trust.








On October 27, 2006, prior to the summary
judgment hearing, the Banks served and filed a document entitled AMotion
to Strike Response Served October 26,@ in
order to strike the Cornishes= second
response as untimely filed. Following a summary judgment hearing, the trial
judge faxed his decision to counsel in a document, stating simply, Amotion
to strike late filing and M/S/J are both granted.@  The final judgment, signed on November 7,
2006, granted the motion for summary judgment, dismissed the Cornishes= case,
and also stated that it was

ORDERED ADJUDGED AND
DECREED that Defendants= motion to strike the
document filed in this court entitled Plaintiff=s Response to Defendant=s Reply to Response to
Motion for Summary Judgment is granted and that document is hereby struck from
the pleadings in this cause.

 

This appeal followed.

III. 
Standard of Review

A defendant who conclusively negates at least one
essential element of a cause of action is entitled to summary judgment on that
claim.  IHS Cedars Treatment Ctr. of
Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); see
Tex. R. Civ. P. 166a(b),
(c).  When reviewing a summary judgment,
we take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant=s
favor.  IHS Cedars Treatment Ctr.,
143 S.W.3d at 798. 

IV. 
Inadequate Briefing

Rule 38.1(h) of the Texas Rules of Appellate
Procedure reads as follows:








AThe
brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.@  Tex.
R. App. P. 38.1(h).  A point may
be waived if inadequately briefed.  Fredonia
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994).  

Several of Cornish=s points
are waived for this reason, including point three: ADid the
trial court err in not granting default judgment to Appellants after Appellees
filed removal to a closed U.S. Bankruptcy case without judgment;@ point
four: ADid the
trial court err in striking the affidavit of Appellant, Frank IV as a sham
affidavit;@ point five: ADid the
trial court err in striking the affidavit of Appellant, Robin Cornish as a sham
affidavit;@ point seven: ADid the
trial court err in allowing supplemental pleadings to Appellees= summary
judgment Motion outside of the 21 days notice period;@ and
point nine: ADid the trial court err in
striking the appellants response to defendant=s reply
to response to motion for summary judgment.@  Points three, four, five, seven, and nine are
overruled as waived.

V.  Motion
to Strike

The Cornishes assert in points six and eight that
the trial court erred by allowing the pleadings and the affidavit of Eugene
Zemp DuBose to be used as summary judgment evidence and by failing to strike
the affidavit because it was unauthenticated and contained hearsay.  








We first note that there is no citation to any
place in the record that pleadings were used as summary judgment evidence by
the trial court.  Furthermore, the part
objecting to an affidavit must identify the specific statements in the affidavit
that are objectionable and state why they are objectionable.  See, e.g., Haynes v. Haynes, 178
S.W.3d 350, 355 (Tex. App.CHouston
[14th Dist.] 2005, pet. denied).  An
entire affidavit cannot be excluded if only part of it is inadmissible.  See, e.g., Spradlin v. State, 100
S.W.3d 372, 381 (Tex. App.CHouston
[1st Dist.] 2002, no pet.).  To consider
a complaint about summary judgment evidence that was not presented and reviewed
in the trial court, the objection must be one of substance, not form.  Tex.
R. Civ. P. 166a(f); Dailey v. Albertson=s, Inc., 83
S.W.3d 222, 226 (Tex. App.CEl Paso
2002, no pet.).  An objection that a
document contains hearsay is a defect of form. 
St. Paul Ins. Co. v. Mefford, 994 S.W.2d 715, 721 (Tex. App.CDallas
1999, pet. denied) (hearsay objection). 
Further, an objection that documents are unauthenticated is also an
objection to the form of the evidence.  See
Giese v. NCNB Tex. Forney Banking Ctr., 881 S.W.2d 776, 782 (Tex. App.CDallas
1994, no writ).  Absent objections in the
trial court, the Cornishes=
objections on appeal to these defects in the form of evidence are waived.  See id.








An examination of the record does not reveal that
the Cornishes objected to the pleadings or the affidavit or moved to strike, so
the arguments in these points, not having been made to the trial court, cannot
be first presented on appeal.  See
Tex. R. App. P. 33.1(a); Bushell v. Dean, 803
S.W.2d 711, 712 (Tex. 1991) (op. on reh=g).  Points six and eight are
overruled as waived.

VI. 
Notices

In regard to points one and two, the Cornishes
argue that the Banks= motion for summary judgment
should not have been granted because the notices purportedly sent to them
regarding their default were inadequate and improper.

The only discernable argument made in this regard
is that the notices failed to comply with Texas Property Code section
51.002(d), in particular that portion reading that the mortgage servicer of a
debt shall serve a debtor in default Aunder a
deed of trust or other contract lien on real property used as the debtor=s
residence with written notice by certified mail,@ and
section (e), which reads, 

[S]ervice of a notice
under this section by certified mail is complete when the notice is deposited
in the United States mail, postage prepaid and addressed to the debtor at the
debtor=s last known
address.  The affidavit of a person knowledgeable
of the facts to the effect that service was completed is prima facie evidence
of service.

 








Tex. Prop. Code Ann. '
51.002(e) (Vernon 2007).








The Cornishes=
two-page response to the Banks= motion
for summary judgment attaches no summary judgment evidence, and the trial court
struck the Cornishes= response to the Banks= reply,
so the only evidence to consider is that evidence attached to the Banks= motion
for summary judgment.  That evidence
confirms that the notice of default and intent to accelerate were sent by
certified mail to the Cornishes at 305 Sheffield Drive on November 28, 2003,
and that on February 4, 2004, similar letters were sent to the Cornishes
informing them of the foreclosure of their home to take place on March 2, 2004,
including the notice of substitute trustee=s
sale.  Interestingly, at his deposition,
Mr. Cornish could not at that time, months after the foreclosure, explain his
complaint regarding the notice issue; and, in fact, Mr. Cornish was present at
the foreclosure sale.  Mr. Cornish=s
lawyer, in the days prior to the foreclosure itself, offered a payout of the
arrearage, of which amount the Cornishes were aware as of August 1, 2003, when
the bankruptcy court entered an order of conditional stay and set out an
arrearage of $35,055.36 in an agreed order. 
On October 17, 2003, the Cornishes were given notice of the delinquency
and the failure to address the arrearage. 
On November 3, 2003, the Banks filed a certificate of default indicating
that the stay had been lifted and terminated, which was served on the Cornishes
and on the bankruptcy counsel.

Having determined that the summary judgment
evidence shows that the Banks gave, viewed in the light most favorable to the
Cornishes, adequate notice to the Cornishes, we overrule points one and two.

VII. Texas Rule of Civil Procedure 735 

The Cornishes also assert, although not under any
particular point, breach of contract when the Banks allegedly failed to comply
with Rule 735, which reads,

A party seeking to
foreclose a lien created under Tex.
Const. art. XVI ' 50(a)(6), for a home
equity loan, or Tex. Const.
art. XVI, ' 50(a)(7), for a reverse
mortgage, that is to be foreclosed on grounds other than Tex. Const. art. XVI, '' 50(k)(6)(A) or (B), may
file:  (1) a suit seeking judicial foreclosure;  (2) a suit or counterclaim seeking a final
judgment which includes an order allowing foreclosure under the security
instrument and Tex. Prop. Code ' 51.002;  or (3) an application under Rule 736 for an
order allowing foreclosure. 

 

Tex. R. Civ. P. 735 (emphasis
supplied).  However, the type of
financing at issue here was a purchase money loan, not a home equity loan or a
reverse mortgage.  Thus, it is irrelevant
whether the foreclosure procedures for a home equity loan or reverse mortgage
were followed, and we hold this line of argument to be inapplicable under these
facts.    

 








VIII. 
Appellate Sanctions

In a cross-point, the Banks argue that the
Cornishes= appeal is frivolous, and they
seek damages under appellate rule 45.  See
Tex. R. App. P. 45.  We must exercise our discretion to impose
rule 45 damages with prudence, caution, and only after careful
consideration.  Duran v. Resdoor Co.,
977 S.W.2d 690, 693 (Tex. App.CFort
Worth 1998, pet. denied); Deaner v. Marchese, No. 02-03-00029-CV, 2004
WL 177480, at *1 (Tex. App.CFort
Worth Jan. 29, 2004, no pet.) (mem. op.). 
Rule 45 damages will not be imposed unless the record, viewed from the
appellant=s point of view at the time the
appeal was taken, clearly shows that the appeal was brought only for delay and
that the appellant had no reasonable expectation of reversal.  Smith v. Brown, 51 S.W.3d 376, 381
(Tex. App.CHouston [1st Dist.] 2001, pet.
denied); Duran, 977 S.W.2d at 693; Bledsoe v. Kuczek, No.
02-02-00255-CV, 2003 WL 21476204, at *4 (Tex. App.CFort
Worth June 26, 2003, no pet.) (mem. op.). 
After review, we decline to impose the sanction requested by the
Banks and overrule their cross-point.

 

 

 

 








IX. 
Conclusion

Having disposed of all nine of the Cornishes= points,
we affirm the trial court=s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN
and MCCOY, JJ.

 

DELIVERED: August 9, 2007

 











[1]See Tex. R. App. P. 47.4.