Affirmed and Majority and Concurring and Dissenting Opinions filed
August 30, 2007








 

Affirmed and Majority and Concurring and Dissenting Opinions
filed August 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00294-CV

____________

 

CHRIS MALLIOS, Appellant

 

V.

 

STANDARD INSURANCE COMPANY, FIRST FINANCIAL BENEFITS,
INC.,

NULL LAIRSON, P.C., JIM YARBROUGH, EDDIE BARR, EDDIE
JANEK, STEPHEN HOLMES, KEN CLARK, AND PHILLIP LOHEC, Appellees

 



 

On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 04CV1063

 



 

C O N C U
R R I N G   A N D   D I S S E N T I N G   O P I N I O N

I join
the court=s analysis and disposition of the issues appellant Chris Mallios presents
for review, but respectfully dissent as to the court=s determination that appellate
sanctions are not warranted.  








Texas Rule of Appellate Procedure 45,
entitled ADamages for Frivolous Appeals in Civil Cases,@ provides:

If the court of appeals determines that an appeal is
frivolous, it mayCon motion of any party or on its own initiative, after
notice and a reasonable opportunity for responseCaward each prevailing party just damages.  In determining whether to
award damages, the court must not consider any matter that does not appear in
the record, briefs, or other papers filed in the court of appeals.

 

Tex.
R. App. P. 45. 
Appellees Standard Insurance Company, First Financial Benefits, Inc., Null Lairson,
P.C., Jim Yarbrough,
Eddie Barr, Eddie Janek, Stephen Holmes, and Ken Clark  each have invoked Rule
45, seeking Ajust damages@ against Mallios for filing a frivolous appeal. 

            The Supreme
Court of Texas has not yet addressed the appropriate legal standard appellate
courts should use to determine whether to assess appellate sanctions.  Under
Rule 45, the appellate court first must determine that an appeal is Afrivolous@ before it can consider awarding Ajust damages@ to any prevailing party.  Most
courts of appeals agree that, after the court determines that this prerequisite
is satisfied, whether the court should award Ajust damages@ is a matter of discretion that
courts exercise with prudence and caution, after careful
deliberation and only under truly egregious circumstances.[1]
However, there is a conflict among the courts of appeals as to how courts
should make the preliminary determination whether an appeal is frivolous.  The
rule contains no definition of Afrivolous,@ and courts of appeals have asserted at least three different
legal standards[2] for
determining whether this prerequisite has been satisfied:








(1)       Some courts consider the only prerequisite to be that there
are no reasonable grounds to believe that an appellate court would reverse the
trial court=s judgment, objectively considering the record from
the viewpoint of an attorney representing the appellant.  These courts do not
require any determination that the appellant has acted in bad faith.[3]

(2)       Some courts require that the appeal be both objectively
frivolous and subjectively brought in bad faith or for purposes of delay.[4]

(3)       Some courts state that
appellate sanctions may be imposed if  the appeal is either objectively
frivolous or brought in bad faith.[5]








Absent
(a) an intervening decision from the Supreme Court of Texas or this court
sitting en banc that is on point and contrary to the prior panel decisions or
(b) an intervening and material change in the statutory law, this court is
bound by the decisions of prior panels of this court that have adopted the
second rule above.[6]  Since the Azubuike
decision, decided shortly after the 1997 amendments to the Texas Rules of
Appellate Procedure, Rule 45 has not been changed, and there have been no
decisions by the Supreme Court of Texas or this court sitting en banc
addressing this issue.  See Azubuike v. Fiesta Mart, Inc., 970 S.W.2d
60, 66 (Tex. App.CHouston [14th Dist.] 1998, no pet.) (denying request for Rule
45 sanctions because record did not show that appeal was frivolous and brought
for the purpose of delay).  Therefore, this court must follow Azubuike
and subsequent cases from this court that require the appeal to be both
objectively frivolous and subjectively brought in bad faith or for purposes of
delay before sanctions may be imposed under Rule 45.[7]


Are there reasonable grounds to
believe that this court would reverse the trial court=s judgment, objectively considering
the record from the viewpoint of an attorney representing the appellant?

The appellees moving for sanctions allege the appeal is
frivolous because Mallios did not arrange for the filing of a sufficient
appellate record.  Under Texas Rule of Appellate Procedure 34.5, the trial
court clerk is not required to include in the clerk=s record copies of
any motion for summary judgment, summary-judgment response, or summary-judgment
evidence, unless a party specifically requests in writing that a copy of any
such item be included in the clerk=s record.  See 
Tex.
R. App. P. 34.5.  No party,
including Mallios, has ever requested that the district court clerk include in
the clerk=s record copies of any motion for summary judgment,
summary-judgment response, or summary-judgment evidence.  None of those items
have been included in our appellate record.  In his thirteen-page opening
brief, Mallios asserts the following:

!       Mallios requests the court to find that the
trial court erred in granting appellees= motions for summary judgment and in denying Mallios=s motion for summary judgment.

!       In reviewing a trial court=s summary judgment, this court must
determine whether the summary-judgment proof establishes as a matter of
law that appellees are entitled to judgment in their favor.  

!       Standard=s summary-judgment evidence did not establish as a
matter of law its statute-of-limitations defense.

!       Standard=s summary-judgment evidence did not establish res
judicata or collateral estoppel as a matter of law.  








!       The summary-judgment affidavit filed
by appellee Null Lairson, P.C. was insufficient as a matter of law, and the
trial court erred in granting summary judgment based on it.

!       The summary-judgment affidavit filed
by First Financial was insufficient as a matter of law.

!       Appellee Phillip Lohec did not produce any
summary-judgment evidence proving his defense of official immunity, and
the trial court erred in granting summary judgment in his favor.

!       In his motion
for summary judgment, Mallios asked the trial court to declare as a matter
of law that Athe Alternate Plan, Group Policy 602107, Insurance
Code and the Demutualization Plan made certain representations to [Mallios].@  These
documents were before the trial court without objection.

None of the items emphasized in boldface type above are
contained in our record.  In response to Mallios=s opening brief,
appellees Standard, First Financial, Null Lairson, P.C., Yarbrough, Barr,
Janek, Holmes, and Clark all asserted that this court should order Mallios to
pay their appellate attorney=s fees as Ajust damages@ under Rule 45
because, among other things, Mallios did not arrange for the filing of a
sufficient appellate record.  Without requesting that the district clerk
supplement the clerk=s record, the appellees attached copies of
their motions for summary judgment to their appellate briefs.








In his reply brief, Mallios did not address the Rule 45
sanctions issue, and he did not ask this court to deny the requests for
sanctions.  Instead, Mallios stated that, although he has the burden to present
a complete record on appeal, a Acomplete record@ is only the
pertinent summary-judgment evidence considered by the trial court.  Mallios
asserted that, under Enterprise Leasing Co. v. Barrios, a Acomplete record@ does not include
the actual motions for summary judgment and their attached evidence.  See
156 S.W.3d 547, 549B50 (Tex. 2004) (per curiam).  In Barrios,
the Supreme Court of Texas stated that, Aalthough [the
appellee/movant] bears the burden to prove its summary judgment as a matter of
law, on appeal [the appellant/non-movant] bears the burden to bring forward the
record of the summary judgment evidence to provide appellate courts with a
basis to review his claim of harmful error. . . If the pertinent summary
judgment evidence considered by the trial court is not included in the appellate
record, an appellate court must presume that the omitted evidence supports the
trial court=s judgment.@ Barrios,
156 S.W.3d at 550.  Mallios has not brought forward an appellate record
containing the summary-judgment motions or the summary judgment evidence
considered by the trial court.  Mallios=s argument that he
has discharged his burden under Barrios is objectively frivolous.  

There are no reasonable grounds to believe that an
appellate court would reverse the trial court=s judgment in the
absence of a complete record, objectively considering the record from the
viewpoint of an attorney representing Mallios.  The arguments made in Mallios=s opening brief
are therefore objectively frivolous.[8]

Did the appellant bring this appeal
in bad faith?








When confronted in the appellees= briefs with his
failure to request an appellate record sufficient for this court to review the
trial court=s summary-judgment rulings, Mallios did not concede
any shortcomings; rather, in his reply brief, he asserted another objectively
frivolous argument, taking the untenable position that these documents were
unnecessary to the resolution of his appeal.  In addition, in his reply brief, Mallios objected to the
appellees= attachment of copies of their motions for summary judgment to their
appellate briefs because these documents are not contained in the appellate
record. 
Though Mallios is correct that this court cannot consider these documents
because they are not contained in the appellate record,[9]
his objection on this ground is outrageous because (1) it was his burden to put
those documents properly before the court and (2) he failed to do so.  Rather
than requesting that these omitted, and apparently voluminous, items be added
to the record in the correct form, Mallios objected to the presence of some of
these documents in this court in an improper form.  These actions, under these
circumstances, bespeak improper motivation and purpose.

If Mallios had requested the district clerk to file a
supplemental clerk=s record containing the apparently
voluminous summary-judgment motions, evidence, and responses and if Mallios
were to lose this appeal, then Mallios would bear the expense of the
preparation of this record.  See Tex. R. App. P. 43.4.  Mallios not only importuned
this court to reverse the trial court=s judgment without reviewing the
summary-judgment record but to do so in manner that would allow him to avoid
the full amount of appellate costs that he would be required to pay if he had
requested that all necessary documents be included in the clerk=s record.  Mallios=s refusal to acknowledge that the
summary-judgment motions, responses, and evidence are necessary to adjudicate
this appeal, and his objection to this court=s consideration of the appellees= summary-judgment motions because
they are not in the appellate record show that Mallios is acting in bad faith
and seeking to harass appellees through this appeal.  See Tate, 954 S.W.2d at
875.  

Should this court exercise its
discretion to sanction the appellant?

Once a
determination is made that the prerequisites to Rule 45 sanctions have been
satisfied, the focus of the inquiry turns to whether it is appropriate under
the facts of this case for the court to exercise its discretion to award just
damages to the prevailing parties.  In making this determination, this court
considers the circumstances revealed by the record, briefs, and other papers
filed in this court, and weighs factors that include the following:

!         the failure to present a complete record,

!         the raising of issues for the first time on appeal, even
though preservation of error was required in the trial court,

!         the failure to file a response to a request for appellate
sanctions, and 

!         the filing of an inadequate
appellate brief.   








See id.  Mallios has not presented a
complete record.  He appeals the granting of five different motions for summary
judgment and the denial of his motion for summary judgment, yet Mallios has not
requested the district clerk to include any of these motions, their attached
evidence, or any summary-judgment responses in the clerk=s record.  Although Mallios did
request a copy of his motion to reconsider, this motion asserts that the trial
court should not have granted the five motions for summary judgment, upon
reconsideration should deny them, and should grant Mallios=s motion for summary judgment. 
Obviously, to evaluate the merits of the motion to reconsider, this court would
need to review the five motions for summary judgment the trial court granted,
Mallios=s motion for summary judgment, and
any responses to these motions.  Again, Mallios has not requested that any of
these items be made a part of the appellate record.  Moreover, Mallios=s failure to do so is not an
oversight or an innocent matter that escaped his notice but a substantial
defect that was brought to his attention in many ways and by many sources.

In three
appellees= brief and in one motion for sanctions, various appellees requested Rule
45 sanctions against Mallios.  Mallios has not filed any response to this
motion or to any of these requests for sanctions.  Mallios did file a reply
brief; however, in that brief, Mallios did not present any argument as to whether
Rule 45 sanctions should be assessed and he did not ask this court to deny the requests for
sanctions.  Although, as noted by the majority, Mallios did file a
thirteen-page appellant=s brief with citations to the record and to legal
authorities, for the reasons noted, this brief presents objectively frivolous
arguments.  Mallios also filed a reply brief, in which he added an additional
frivolous argument that he satisfied his burden of requesting that the clerk
include in the record all pertinent summary-judgment evidence considered by the
trial court, even though he requested no summary-judgment evidence.   

In
declining to impose Rule 45 sanctions, the majority relies on Sam Houston Hotel,
L.P. v. Mockingbird Restaurant, Inc., 191 S.W.3d 720, 721 (Tex. App.CHouston [14th
Dist.] 2006, no pet.).  In Sam Houston Hotel, this court stated that:








!       The appellee contended the appellant should
be sanctioned for failing to arrange for the filing of a reporter=s record and for mischaracterizing
the evidence presented at trial. 

!       Appellant=s failure to arrange for a sufficient record does not
necessarily make its appeal frivolous.

!       In the absence of a reporter=s record, this court could not
determine whether appellant had mischaracterized the evidence at trial.

!       This court
declined to impose sanctions under Rule 45.

Sam
Houston Hotel, L.P., 191 S.W.3d at 721.  If the Sam Houston Hotel court
concluded that the appeal was not frivolous, then it would have had no
discretion as to whether to assess Rule 45 sanctions, and it would not have
been in a position to Adecline to impose sanctions.@  See id. 
The Sam Houston Hotel court appears to have focused on the appellee=s failure to
assert that the appeal was frivolous, noting that an assertion that the record
is inadequate to address the issues is not the same as an assertion that the
appeal is frivolous.  See id.  The court then stated that it exercised
its discretion not to award sanctions and did not discuss the facts and
circumstances in the record upon which that decision was based.  See id. 
The Sam Houston Hotel court did not say that an appellant=s failure to
request an appellate record sufficient to review the appellate issues can never
make an appeal frivolous.  See id.  Indeed, such a holding would be
contrary to this court=s precedent.  See Ward v. Lubojasky, 777 S.W.2d 156, 157 (Tex. App.CHouston [14th
Dist.] 1989, no writ) (stating, in assessing appellate sanctions, that A[s]ufficient cause
is obviously lacking, for we can hardly review evidence without a record@).  The Sam
Houston Hotel case is distinguishable.








For the reasons stated above, considering the record, briefs, and
other papers filed in this court, Mallios=s appeal is objectively frivolous and
subjectively brought in bad faith or for purposes of delay.  Furthermore, after careful
deliberation and exercising discretion under Rule 45 with prudence and caution,
this court should conclude based on the above facts that this case presents
egregious circumstances warranting imposition of Rule 45 sanctions.  The court
should order Mallios to pay the reasonable and necessary appellate attorney=s fees of Standard, First Financial, Null Lairson, P.C., Yarbrough, Barr, Janek, Holmes, and
Clark.  See Tate, 954 S.W.2d at 875.  Because the court does not do so, I respectfully dissent.    

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered and Majority and
Concurring and Dissenting Opinions filed August 30, 2007.

Panel consists of Justice Anderson,
Justice Frost, and Senior Justice Mirabal.[10] 
(Mirabal, J., Majority; Frost, J. Concurring and Dissenting).

 









[1]  See Conseco Fin. Servicing v. Klein Indep. Sch.
Dist., 78 S.W.3d 666, 676 (Tex. App.CHouston
[14th Dist.] 2002, no pet.); Smith v. Brown, 51 S.W.3d 376, 381 (Tex.
App.CHouston [1st Dist.] 2001, pet. denied) (en banc).  





[2]  Part of the confusion appears to stem from a failure
to focus on the differences between the language in former Rule of Appellate
Procedure 84 and current Rule 45.  See Smith, 51 S.W.3d at 380B81.





[3]  See Elwell v. Mayfield, No.
10-04-00322-CV, 2005 WL 1907126, at *7 (Tex. App.CWaco Aug. 10, 2005, pet. denied) (mem. op.); Smith, 51 S.W.3d at
380B82; Lloyd v. Whitmire, No. 09-02-0148-CV, 2003
WL 1738784, at *1 (Tex. App.CBeaumont Apr.
3, 2003, no pet.) (mem. op.); Mid-Continent Cas. Co. v. Safe Tire Disposal
Corp., 2 S.W.3d 393, 396B97 (Tex. App.CSan Antonio 1999, no pet.).





[4]  See Azubuike v. Fiesta Mart, Inc., 970 S.W.2d
60, 66 (Tex. App.CHouston [14th Dist.] 1998, no pet.);  Faddoul,
Glasheen & Valles, P.C. v. Oaxaca, 52 S.W.3d 209, 213 (Tex. App.CEl Paso 2001, no pet.); Keever v. Finlan, 988
S.W.2d 300, 315 (Tex. App.CDallas 1999,
pet. dism=d); Duran v. Resdoor Co., 977 S.W.2d 690, 693
(Tex. App.CFort Worth 1998, pet. denied).





[5]  See In re Estate of Davis, 216 S.W.3d 537,
548 (Tex. App.CTexarkana 2007, pet. denied); Njuku v. Middleton, 20
S.W.3d 176, 178 (Tex. App.CDallas 2000,
pet. denied);  Diana Rivera & Assocs., P.C. v. Calvillo, 986 S.W.2d
795, 799 (Tex. App.CCorpus Christi 1999,  pet. denied).





[6]  See D=Arcy v. Mead, No.
14-04-01220-CV, 2006 2165733, at *3  (Tex. App.CHouston [14th Dist.] Aug. 1, 2006, pet. denied) (mem. op.); City of
Webster v. City of Houston, No. 14-04-00353-CV, 2005 913813, at *1  (Tex.
App.CHouston [14th Dist.] Apr. 19, 2005, no pet.) (mem.
op.); Barker CATV Const., Inc. v. Ampro, Inc., 989 S.W.2d 789, 793 n.2
(Tex. App.CHouston [1st Dist.] 1999, no pet.);  United States
v. Treft, 447 F.3d 421, 425 (5th Cir. 2006).  





[7]  See Yazdchi v. Chesney, No. 14-05-00817-CV,
2007 237697, at *2 & n.6  (Tex. App.CHouston
[14th Dist.] Jan. 30, 2007, no pet.) (mem. op.) (noting the first rule above
but holding that this court requires the appeal to be both objectively
frivolous and subjectively brought in bad faith or for purposes of delay before
Rule 45 sanctions may be assessed).  





[8]  See Tate v. E.I. Du Pont de Nemours & Co.., 954 S.W.2d 872, 875 (Tex. App.CHouston [14th Dist.] 1997, no writ)
(assessing appellate sanctions against a party appealing a summary judgment
based on her failure to request the inclusion in the record of one of the
summary-judgment motions granted by the trial court, along with the motion=s accompanying evidence).  





[9]  See Bencon Mgmt. & Gen. Contracting, Inc. v.
Boyer, Inc., 178 S.W.3d 198, 210 (Tex. App.CHouston [14 Dist.] 2005, no pet.). 





[10]  Senior Justice Margaret G. Mirabel sitting by
assignment.