

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-21-00021-CV

Nancy **ALANIS**,
Appellant

v.

**U.S. BANK NATIONAL ASSOCIATION**, as successor trustee to Bank of America, National
Association, as successor by Merger to Lasalle Bank, M.A., as trustee for the MLMI Trust Series
2006-He6; Nationstar Mortgage, LLC d/b/a Mr. Cooper,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-01238
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: August 31, 2022

AFFIRMED

In this dispute about her home equity loan, Appellant Nancy Alanis sued two financial

institutions for multiple causes of action including breach of contract and fraud, and the defendants

counterclaimed. Alanis moved for no-evidence summary judgment; the defendants nonsuited their

counterclaims and they moved for traditional summary judgment on limitations and res judicata.

The trial court granted the defendants' motion and denied Alanis's no-evidence motion, and Alanis

appeals. Because Alanis's claims were precluded, and her no-evidence motion was moot, we affirm the trial court's orders.

## BACKGROUND

The underlying suit over Alanis's home equity loan is her third; it follows one in state court and a second in federal court.

### A. Home Equity Loan, Foreclosure

In 2006, Alanis owned a duplex at 1040 Blanco Road, San Antonio, Bexar County, Texas. After the duplex was damaged by a neighbor's falling tree limb, Alanis obtained a $96,000 home equity loan which was secured by a deed of trust on the property. The loan was eventually transferred to U.S. Bank, N.A., and in 2010, after disputes about her loan payments, U.S. Bank foreclosed on the property.

### B. First Lawsuit

In her first suit, Alanis challenged the foreclosure proceedings in state district court in Bexar County, and she was awarded damages and attorney's fees; on appeal, those awards were reversed. *Alanis v. US Bank Nat'l Ass'n* (*Alanis I*), 489 S.W.3d 485, 515 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). In 2013, Alanis remained in possession of the property, and U.S. Bank advised Alanis that her new loan servicer was Nationstar Mortgage LLC.

### C. Second Lawsuit

After Nationstar threatened a second foreclosure, Alanis sued Nationstar in federal district court. *Alanis v. Nationstar Mortgage LLC* (*Alanis II*), No. SA18CV00138OLGESC, 2019 WL 4003117, at *1 (W.D. Tex. Aug. 23, 2019). Alanis and Nationstar settled, and her federal suit was dismissed with prejudice.

**D.      Third Lawsuit, Instant Appeal**

In January 2020, Alanis sued U.S. Bank and Nationstar (collectively U.S. Bank) in state district court. She asserted numerous claims, including breach of contract and fraud, based on the defendants' alleged violations of provisions of section 50 of Article XVI of the Texas Constitution.

Alanis and U.S. Bank filed competing motions for summary judgment. U.S. Bank's traditional motion sought summary judgment on the grounds of limitations and res judicata. The trial court denied Alanis's motions, and it granted U.S. Bank's motion.

Alanis appeals, and she presents a single, two-part issue. She argues that the trial court erred in (1) granting U.S. Bank's traditional motion for summary judgment and (2) denying her no-evidence motion.

We begin by reciting the standard of review.

### STANDARD OF REVIEW

For a traditional motion for summary judgment, a trial court may render summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues [presented]." TEX. R. CIV. P. 166a(c); *accord Tex. Workforce Comm'n v. Wichita Cty.*, 548 S.W.3d 489, 492 (Tex. 2018); *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

"We review a trial court's summary judgment de novo." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *accord Wichita Cty.*, 548 S.W.3d at 492.

"When the parties file competing summary judgment motions and the trial court grants one and denies the other, 'we consider the summary judgment evidence presented by both sides, determine all questions presented, and if the trial court erred, render the judgment the trial court should have rendered.'" *Wichita Cty.*, 548 S.W.3d at 492 (quoting *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 583 (Tex. 2015)).

"When a trial court does not specify the grounds it relied upon in making its determination, reviewing courts must affirm summary judgment if any of the grounds asserted are meritorious." *Lightning Oil*, 520 S.W.3d at 45; *accord FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### U.S. BANK'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

In her first complaint, Alanis argues the trial court erred when it granted U.S. Bank's traditional motion, which presented limitations and res judicata grounds. Without stating the grounds for its decision, the trial court granted summary judgment against all of Alanis's claims.

### A. Parties' Arguments

Alanis argues that, inter alia, because new facts arose after the conclusion of the previous cases, the trial court could not have properly granted U.S. Bank's motion for summary judgment based on res judicata. Specifically, Alanis contends that "no financial institution ever produced the constitutionally infirm documents forming the basis of her current claims [and] she first learned of the constitutional infirmities [in her loan closing documents] now at issue through a March 30, 2020 letter she received from U.S. Bank's attorney." And, in her view, these new material facts show there was no "identity of issues in this suit and those litigated in the former actions."

U.S. Bank argues that, inter alia, all of Alanis's claims are barred by res judicata. It contends that the record conclusively establishes all three elements of its affirmative defense, and the trial court could have properly granted summary judgment based on res judicata.

### B. Claim Preclusion Elements

"Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992); *accord Joachim*, 315 S.W.3d at 862.

"The party relying on the affirmative defense of res judicata must prove (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Joachim*, 315 S.W.3d at 862 (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)); *accord Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

## C.     Prior Final Judgment

The first element of U.S. Bank's affirmative defense is "a prior final determination on the merits by a court of competent jurisdiction." *See Joachim*, 315 S.W.3d at 862; *Daccach*, 217 S.W.3d at 449.

Both sides note that, in 2010, Alanis sued U.S. Bank for wrongful foreclosure and violations of the Texas Constitution's provisions on home equity loans in the 408th Judicial District Court in Bexar County, Texas, in cause number 2010-CI-07833, and the trial court rendered a final judgment on April 2, 2014. *See Alanis I*, 489 S.W.3d at 492, 499.

Both sides also note that, in 2018, Alanis sued Nationstar for claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, and the Texas Debt Collection Act (TDCA), TEX. FIN. CODE ANN. §§ 392.001–.404, in the Western District of Texas in cause number SA-18-CV-00138-OLG, and the district court signed a "Joint Stipulation of Dismissal with Prejudice," which disposed of all of Alanis's claims against Nationstar, on December 18, 2019. *See Alanis II*, 2019 WL 4003117, at *1.

The prior determinations on the merits were from courts of competent jurisdiction and each final determination was signed before Alanis filed the underlying suit on January 21, 2020. *See Joachim*, 315 S.W.3d at 862; *Daccach*, 217 S.W.3d at 449.

The record conclusively establishes the first element.

**E.    Identity of Parties**

The second element of U.S. Bank's defense is an "identity of parties or those in privity with them." *See Joachim*, 315 S.W.3d at 862; *Daccach*, 217 S.W.3d at 449.

Alanis sued U.S. Bank in the first suit, *Alanis I*, 489 S.W.3d at 491, and she sued Nationstar in the second suit, *Alanis II*, 2019 WL 4003117, at *1. In the underlying suit, she sued U.S. Bank and Nationstar, the same parties she sued in the prior suits. *See Joachim*, 315 S.W.3d at 862; *Daccach*, 217 S.W.3d at 449.

The record conclusively establishes the second element.

**F.    Present Claims Were or Could Have Been Raised in Earlier Suits**

The third element of U.S. Bank's defense is "a second action based on the same claims as were or could have been raised in the first action." *See Joachim*, 315 S.W.3d at 862; *Daccach*, 217 S.W.3d at 449.

*1.    Whether Claims Could Have Been Raised*

To determine whether a claim could have been raised in a prior suit, we use a "transactional approach to res judicata, which requires claims arising out of the same subject matter to be litigated in a single lawsuit." *Hallco Tex., Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2006) (citing *Barr*, 837 S.W.2d at 631).

We examine the "factual basis of the claim or claims in the prior litigation [and analyze] the factual matters that make up the gist of the complaint." *Barr*, 837 S.W.2d at 630; *accord Daccach*, 217 S.W.3d at 449. We consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Daccach*, 217 S.W.3d at 449 (quoting *Barr*, 837 S.W.2d at 631).

If the facts relevant to a present claim were evident in a prior suit, and the other essential elements are met, claim preclusion will prevent "another bite at the apple." *Hallco*, 221 S.W.3d at 60.

2.    *Claims in Prior Suits*

In the first suit—based on U.S. Bank's alleged mishandling of the initiation and servicing of her home equity loan on the 1040 Blanco Road property—Alanis raised the following claims against U.S. Bank: "trespass to try title, violations of the False Lien Statute, fraud, conspiracy, breach of contract, violations of the [Texas] FDCPA and its federal counterpart, violations of the Texas Constitution's provisions regarding home equity loans, negligence, and wrongful foreclosure, and she sought declaratory judgment voiding the foreclosure." *Alanis I*, 489 S.W.3d at 492.

In the second suit—based on Nationstar's alleged mishandling of the servicing of her home equity loan on the 1040 Blanco Road property—Alanis raised the following claims against Nationstar: violations of the federal debt collection statutes, and violations of the Texas debt collection statutes. *Alanis II*, 2019 WL 4003117, at *1.

3.    *Claims in Present Suit*

In the underlying suit—based on U.S. Bank's and Nationstar's respective alleged mishandling of the initiation and servicing of her home equity loan on the 1040 Blanco Road property—Alanis raised the following claims against U.S. Bank and Nationstar: violations of the False Lien Statute, fraud, breach of contract, violations of the Texas Debt Collection Act, violations of the Texas Constitution's provisions regarding home equity loans, gross negligence, quiet title, intentional infliction of emotional distress, attorney's fees, exemplary damages, injunctive relief, and declaratory judgment.

*4.      Same Claims Previously Raised*

As we have noted above, Alanis's present claims are based on the same facts: the alleged mishandling of the initiation and servicing of her home equity loan for her 1040 Blanco Road property, beginning at the loan inception and continuing through Nationstar's servicing of the loan. *Cf. Daccach*, 217 S.W.3d at 449; *Hallco*, 221 S.W.3d at 58; *Barr*, 837 S.W.2d at 631 ("[A] final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose.").

In the first suit and the present suit, Alanis raised these claims: violations of the False Lien Statute, fraud, breach of contract, violations of the Texas Debt Collection Act, violations of the Texas Constitution's provisions regarding home equity loans, attorney's fees, and declaratory judgment. *See Alanis I*, 489 S.W.3d at 492.

In the second suit and the present suit, Alanis raised these claims against Nationstar: violations of the federal debt collection statutes and violations of the Texas debt collection statutes. *See Alanis II*, 2019 WL 4003117, at *1.

The record conclusively establishes that these present claims were raised in prior suits. *See Joachim*, 315 S.W.3d at 862; *Daccach*, 217 S.W.3d at 449.

*5.      Alleging New Constitutional Violations*

Despite these obvious unities, Alanis argues that *new* facts have occurred since the prior suits, and therefore res judicata is not applicable. *See Marino v. State Farm Fire & Cas. Ins. Co.*, 787 S.W.2d 948, 949–50 (Tex. 1990) ("[A] judgment in one suit will not operate as res judicata to a subsequent suit on the same question between the same parties 'where, in the interval, the facts have changed, or new facts have occurred which may alter the legal rights or relations of the parties.'" (quoting *City of Lubbock v. Stubbs*, 327 S.W.2d 411, 414 (Tex. 1959))).

Specifically, Alanis asserts her present claims are based on constitutional infirmities in the loan documents, and she contends she could not have brought the present claims in the prior suits because "she first learned of the constitutional infirmities now at issue through a March 30, 2020 letter she received from U.S. Bank's attorney."

As evidence of the allegedly new facts, in her October 13, 2020 affidavit, Alanis asserts she did not receive some constitutionally required notices at closing (in 2006) or copies of her closing documents. She states that she received copies of the documents in her loan records on March 30, 2020, including the "NOTICE CONCERNING EXTENSIONS OF CREDIT DEFINED BY SECTION 50(a)(6), ARTICLE XVI, TEXAS CONSTITUTION," but that was the first time she learned that she had not been provided all the proper documents at closing.

Thus, according to Alanis, her present claims accrued on March 30, 2020, and these new facts vitiate any res judicata defense. *See Marino*, 787 S.W.2d at 949–50.

### 6. *Disposition of New Constitutional Violations*

For summary judgment review purposes, we take Alanis's affidavit's alleged facts as true, but we are not bound to accept her legal conclusions. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

In her first suit, Alanis may not have had copies of the entire set of executed loan documents, and some of the constitutionally required disclosures may not have been given to her at closing, but the facts relevant to Alanis's present claims were evident in the first suit. *Cf. Hallco*, 221 S.W.3d at 60. Specifically, Alanis's deed of trust was part of the first trial's record, and the "deed of trust provided that it 'secures an extension of credit defined by Section 50(a)(6), Article XVI, Texas Constitution' and that all of the terms and conditions of that section 'for creating a valid lien on a homestead have been fully satisfied.'" *Alanis I*, 489 S.W.3d at 492.

This deed disclosure pointed Alanis to section 50—which contains the provisions she now complains of—and she was free to review the constitution's other protections and examine her documents, including the deed of trust, for their compliance with the constitutional protections in her first suit. *See id.* *See generally* TEX. CONST. art. XVI, § 50 (homestead protections).

Further, in her second suit, Alanis knew of Nationstar's alleged misconduct in attempting to collect on the loan. *Alanis II*, 2019 WL 4003117, at *1.

Although Alanis may not have discovered or discerned other claims she could have raised when she prosecuted her first two suits, the loan documents showing U.S. Bank had not complied with all the constitutionally required disclosures were evident at the times of her prior suits, and she could have raised her present claims in the prior suits. *Cf. Hallco*, 221 S.W.3d at 58–60.

We conclude as a matter of law that Alanis's present constitutional violations claims against U.S. Bank and Nationstar for their alleged violations of the Texas Constitution are based on the same transaction or series of connected transactions, and they could have been raised in the prior suits. *See Barr*, 837 S.W.2d at 631 ("[A] final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose.").

*7.    New Claims*

In the present suit, Alanis raises new claims of gross negligence, quiet title, intentional infliction of emotional distress, exemplary damages, and injunctive relief.

For these new claims, the relevant facts were also evident at the time of her prior suits, and she could have raised them then. *Cf. Hallco*, 221 S.W.3d at 58–60. Even if Alanis did not have the relevant facts when she filed her original petitions, through her diligence, which was required, *see Barr*, 837 S.W.2d at 628, she could have discovered the facts and amended her pleadings. *See id.* at 631 ("Discovery should put a claimant on notice of any need for alternative pleading.").

Further, as demonstrated by the proceedings in the prior suits, Alanis's claims formed a convenient trial unit which the parties tried together. *See Daccach*, 217 S.W.3d at 449 (convenient trial unit); *Alanis II*, 2019 WL 4003117, at *1 (claims, proceedings); *Alanis I*, 489 S.W.3d at 491 (claims, proceedings).

Having considered "the factual basis of [Alanis's] claims in the prior litigation [and] the factual matters that make up the gist of [Alanis's present claims]," *see Barr*, 837 S.W.2d at 630, we conclude as a matter of law that Alanis's new claims against U.S. Bank and Nationstar are based on the same transaction or series of connected transactions, and they could have been raised in the prior suits, *see id.* at 631.

## G.      Claims Barred by Res Judicata

U.S. Bank moved for summary judgment against all of Alanis's claims based on its affirmative defenses of limitations and res judicata.

"Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr*, 837 S.W.2d at 628.

Here, the record conclusively establishes the three essential elements of U.S. Bank's affirmative defense of res judicata: (1) prior determinations by courts of competent jurisdiction, (2) identity of parties in the present suit with the parties in the prior suits, and (3) present claims that could have been raised in the prior suits. *See Joachim*, 315 S.W.3d at 862; *Hallco*, 221 S.W.3d at 58–60. Accordingly, Alanis's claims in the present suit are precluded by res judicata. *See Joachim*, 315 S.W.3d at 862; *Daccach*, 217 S.W.3d at 449.

Because the trial court's order granting U.S. Bank's summary judgment did not state the grounds it relied on, and the trial court could have properly granted U.S. Bank's traditional motion for summary judgment based solely on res judicata, we overrule Alanis's complaint that the trial

court erred by granting U.S. Bank's motion for summary judgment. *See Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017); *Barr*, 837 S.W.2d at 628.

**ALANIS'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT**

In her second complaint, Alanis argues the trial court erred when it denied her no-evidence motion for summary judgment against U.S. Bank's counterclaims as moot after U.S. Bank nonsuited its counterclaims.

**A.     Additional Background**[1]

After Alanis sued U.S. Bank and Nationstar, in a combined pleading, U.S. Bank and Nationstar filed counterclaims against Alanis: Nationstar sued her for breach of contract, U.S. Bank sued her for equitable subrogation, and both sought costs and attorney's fees.

In response, Alanis filed a no-evidence motion for summary judgment against U.S. Bank's and Nationstar's counterclaims. Alanis's no-evidence motion asserted twenty-two "No-Evidence motion for summary judgment issues" which alleged U.S. Bank and Nationstar had no evidence to support some element of their respective counterclaims.

Thereafter, U.S. Bank and Nationstar nonsuited all their counterclaims against Alanis, and on the same day it granted U.S. Bank's and Nationstar's traditional motion for summary judgment, the trial court denied Alanis's no-evidence motion as moot.

**B.     Parties' Arguments**

Alanis argues that U.S. Bank's nonsuit of its counterclaims against her "did not render the entirety of [her] summary judgment motion moot—only those portions of the motion expressly relating to U.S. Bank's counterclaims." She contends that paragraph 19 of her motion asked the trial court to render judgment in her favor, parts of paragraph 20 "refer to live non-counterclaim

---

[1] In this "Additional Background" section, we refer to U.S. Bank and Nationstar separately.

type issues warranting resolution on their merits," and we should construe her no-evidence motion as a traditional motion and render judgment in her favor on her claims.

U.S. Bank argues that when it nonsuited its counterclaims, Alanis's no-evidence motion assailing those counterclaims became moot. U.S. Bank also argues that Alanis's references in her no-evidence motion to her own affirmative claims did not keep her no-evidence motion alive after U.S. Bank nonsuited its counterclaims. Further, U.S. Bank notes that Alanis never asked the trial court to consider her no-evidence motion as a traditional motion, and she cannot raise this argument for the first time on appeal.

## C.      No-Evidence Motion

Alanis's motion was titled, and it referenced itself as, "Plaintiff Nancy Alanis No-Evidence Motion For Summary Judgment." In substance, her motion states the standard of review for a no-evidence motion only; it does not state or refer to the standard of review for a traditional motion.

The argument section heading is labeled "No Evidence Summary Judgment Issues," and the introductory paragraph for the individual issues states "The No-evidence motion for summary judgment issues are as follows." Each individual issue contains a heading and two paragraphs. Each heading reads "No-Evidence Summary Judgment – Issue No. [X]," and each of the subsequent twenty-one issues have the identical heading with only the sequence number changed. The first sentence of each first paragraph begins with "On pg. [X] of *Defendants' Original Counterclaim* filed on July 30, 2020, . . . ." The first sentence of each second paragraph begins with the assertion that the defendants have no evidence to support a specific evidentiary element.

Finally, the prayer asks the trial court to "grant her *Plaintiff Nancy Alanis No Evidence Motion [f]or Summary Judgment* in its entirety," but it does not ask the trial court to consider part or all of the motion as a traditional motion or grant her summary judgment on her claims.

**D.  Disposition of No-Evidence Motion**

On appeal, Alanis asks that we consider her no-evidence motion as a traditional motion because her defensive no-evidence motion against U.S. Bank's counterclaims refers to her affirmative claims in her pleadings.  But we "cannot 'read between the lines, infer or glean from the pleadings or the proof' any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court [in the motion for summary judgment]."  *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (alterations in original) (quoting *Clark v. First Nat'l Bank of Highlands*, 794 S.W.2d 953, 956 (Tex. App.—Houston [1st Dist.] 1990, no writ)).

Except for the one-sentence paragraph 10 of her no-evidence motion, which we address below, Alanis's repetitive, consistent motion presents only no-evidence grounds against U.S. Bank's counterclaims; its form, title, and headings are all consistent with its substance: they all indicate it is a no-evidence motion.  *Cf. Sanchez v. Mulvaney*, 274 S.W.3d 708, 710 (Tex. App.— San Antonio 2008, no pet.).

Alanis refers to her affirmative claims against U.S. Bank in her no-evidence issues, but she does so in the defensive context of seeking summary judgment on no-evidence grounds against U.S. Bank's counterclaims.

Her motion does not expressly set out her affirmative claims and seek traditional summary judgment on them, and we may not carve out Alanis's references from their express, defensive, no-evidence context to create otherwise unexpressed traditional grounds for affirmative relief.  *See* Tex. R. Civ. P. 166a(c); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013); *McConnell*, 858 S.W.2d at 343.

Nowhere in her individual no-evidence issues does she ask the court to grant her affirmative relief on her own claims that she references, and irrespective of the res judicata bar,

the trial court could not have properly granted traditional summary judgment on Alanis's claims on the basis of her no-evidence motion. *See* TEX. R. CIV. P. 166a(c) (requiring the movant to "state the specific grounds therefor"); *McConnell*, 858 S.W.2d at 343.

Thus, when U.S. Bank nonsuited its counterclaims, Alanis's no-evidence motion against them became moot, and the trial court did not err in denying her no-evidence motion against U.S. Bank's counterclaims. *See City of Dallas v. Albert*, 354 S.W.3d 368, 375 (Tex. 2011) (citing *Joachim*, 315 S.W.3d at 862) ("If a claim is timely nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost.").

E.      **Disposition of Traditional Motion**

In paragraph 10 of her no-evidence motion, Alanis states the following: "Alanis has alleged a fraud and [Texas Civil Practice and Remedies Code] 12.002 claim and seeks to quiet title and set aside a [Texas Rules of Civil Procedure] Rule 736(9) Order which bars the application of *res judicata* and therefore, the Defendants['] reliance on the doctrine of *res judicata* fails as a matter of law."

Assuming arguendo that the trial court should have construed paragraph 10 as a ground for a traditional motion for summary judgment on Alanis's fraud and fraudulent lien claims and her action to quiet title, *cf. Amouri v. Sw. Toyota, Inc.*, 20 S.W.3d 165, 168 (Tex. App.—Texarkana 2000, pet. denied) (addressing a motion for summary judgment that contained both traditional and no-evidence summary judgment language), it would still avail her nothing.

First, Alanis would have had to have met her traditional summary judgment burden on those claims. *See* TEX. R. CIV. P. 166a(c); *Tex. Workforce Comm'n v. Wichita Cty.*, 548 S.W.3d 489, 492 (Tex. 2018). Even if she had, we have already determined that all of Alanis's claims were barred by res judicata, and the trial court's denial of Alanis's traditional motion on her fraud and fraudulent lien claims in conjunction with its granting of U.S. Bank's traditional motion

against all of Alanis's claims was, at worst, harmless error. *Cf. G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (reviewing a summary judgment granted against a cause of action that was not presented in the motion but deciding that because "the omitted cause of action [was] precluded as a matter of law by other grounds raised in the case," the error was harmless).

## F.      Disposition of Second Complaint

U.S. Bank's nonsuit of its counterclaims against Alanis rendered her no-evidence motion against those counterclaims moot, and to the extent that any portion of her no-evidence motion could be considered a traditional motion for summary judgment on her affirmative claims, the trial court's denial of any such traditional grounds was at most, harmless error.

We overrule Alanis's second complaint.

### CONCLUSION

Contrary to Alanis's arguments, there were no new facts in this third suit over her home equity loan initiation and servicing to allow her claims to avoid U.S. Bank's affirmative defense of res judicata, and the trial court did not err in granting U.S. Bank's traditional motion for summary judgment against all of Alanis's claims.

Further, when U.S. Bank nonsuited its counterclaims against her, Alanis's no-evidence motion against U.S. Bank's counterclaims became moot, and the trial court's denial of her no-evidence motion was proper; its denial of any ground for traditional summary judgment included in her no-evidence motion was, at worst, harmless error.

Accordingly, we affirm the trial court's orders denying Alanis's no-evidence motion against U.S. Bank's counterclaims and granting U.S. Bank's traditional motion for summary judgment against all of Alanis's claims.

Patricia O. Alvarez, Justice